# W. M. HALSEY v. STATE.

No. A-6372.   Opinion Filed March 16, 1929.
(275 Pac. 405.)

H. B. Martin and C. A. Warren, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county on a charge of grand larceny, and was sentenced to imprisonment in the state penitentiary for a term of three years.

The information properly charges that the defendant did, in Tulsa county and state of Oklahoma, commit the crime of grand larceny.

The undisputed facts in the case appear to be that the complaining witness, S. S. Reeseman, was the owner of 30 joints of 28-pound and 32-pound, 8 1/4-inch oil well casing, known as "Youngstown" and "Ætna" casing, of the value of $1,000, which property was kept on a lease owned by Reeseman; that Reeseman had marked this pipe with white paint by putting the figures 28 or 32 on the pipe, the mark depending on the weight of the pipe.

On the 18th of July, 1925, this pipe was missing from the lease of the complaining witness. The complaining witness with one Alexander went to the residence of defendant on a farm near Tulsa to see defendant about purchasing some 8 1/4- inch pipe of the kind which complaining witness had lost. Reeseman and Alexander introduced themselves to defendant as Mr. Glenn and Mr. Lydecker. They inquired of the defendant if he had any of this kind of pipe for sale. The defendant answered that he had that kind of pipe for sale, but that it was located on another farm of his near the city of Tulsa. Reeseman and Alexander then went to the other farm of defendant, and finding the pipe there, identified it as the property stolen from Reeseman.

The defendant did not take the witness stand, but produced as a witness one Gosney, who testified that he sold this pipe to the defendant and delivered it to the farm where it was found. Gosney produced an account book showing an account between himself and defendant extending over a period from December, 1924, up to and including the time of the trial. An examination of the book showed that all the accounts

kept in the book were entered in ink, except the account of the defendant, which was in the handwriting of the witness Gosney and made with lead pencil. The jury evidently disbelieved this witness on account of the improbability of his story and on account of the manner in which the keeping of this account differed from all the other accounts in the book.

The defendant assigns numerous grounds of error, but argues only four of them in his brief. The court will consider them in the order set out by the defendant.

The first ground of error is, "That the evidence is insufficient to support a conviction." The second ground of error is that, "The evidence, being purely circumstantial, is insufficient, from proof of mere possession alone, without other incriminating circumstances, to warrant a conviction." The third ground of error is, "Circumstantial evidence must exclude every other hypothesis of defendant's innocence." Since these three grounds all relate to the sufficiency of the evidence, this court will consider them together as one assignment of error.

In the case of Harrison v. State, 10 Okla. Cr. 210, 135 P. 948, this court held:

"A motion for new trial, based on an allegation that the evidence does not support the verdict of the jury, is addressed, first, to the sound discretion of the trial court, who has seen and heard the witnesses testify, and who must necessarily know a great deal more about many facts and circumstances produced at the trial, which cannot be written into a record, than an appellate court can by reading the record after it is written. And when a trial court has considered and passed upon such an issue, it comes to this court only

on the proposition that as a matter of law the verdict is contrary to the evidence."

This court has in numerous cases reaffirmed this rule. There is ample evidence in this record to support a conviction if the jury believed the evidence offered by the state and disbelieved the evidence of ( Gosney and other defendant witnesses. The evidence in this case is positive as to the ownership of the property, the stealing of the property, and the finding of the same property in the possession of the defendant who was offering it for sale. The evidence is circumstantial as to the actual stealing by the defendant himself.

In Shields v. State, 32 Okla. Cr. 344, 240 P. 661, this court held:

"The presumption arising from the possession of recently stolen property is one of fact and not of law, and the weight, value, and probative effect of such evidence is exclusively for the jury."

In the case of Blumhoff v. State, 29 Okla. Cr. 97, 232 P. 862, this court says:

"The truthfulness of an explanation of possession of stolen property, although uncontradicted, must be determined by the jury."

In Buford v. State, 27 Okla. Cr. 138, 225 P. 568, this court held:

"The onus of proving the truth of his explanation is upon one in whose possession stolen property is found, when found under such circumstances as to call for an explanation, and the explanation given is not natural and probable, and not such as all reasonable minds would agree on."

In the case of Kirk v. State, 32 Okla. Cr. 361, 241 P. 205, this court says in the syllabus:

"The jury are the exclusive judges of the credibility of the witnesses and the weight and value of the evidence, and may find a defendant guilty from the

inferences arising from circumstantial evidence and disbelieve positive evidence to the contrary. In such case, where from the evidence different inferences may be drawn," the Criminal Court of Appeals "will not substitute its judgment for that of the jury and reverse the judgment."

In Whitten v. State, 25 Okla. Cr. 447, 221 P. 115, this court held:

"* * * In considering the sufficiency of the evidence, the function of this court is limited to ascertaining whether there is a basis in the evidence on which the jury could reasonably conclude that accused is guilty as charged."

Under the rule laid down in the foregoing decisions of this court, the evidence is amply sufficient to sustain the verdict and judgment. The conflicts arising in the evidence were solely for the jury to decide, as well as the weight of the evidence as a whole, and of the inferences properly to be drawn from all the circumstances in evidence. The defense interposed is so clearly a fabricated one which, coupled with the failure of the defendant to make any personal explanation of his possession of this pipe, evidently convinced the jury that the defendant was connected with taking this pipe. His guilt of grand larceny is a reasonable inference to be drawn from the facts and circumstances in evidence, and the jury could reasonably conclude from all the facts and circumstances in the case that the defendant was guilty as charged.

The defendant, in his fourth ground of error, complains that, "Because of the unwarranted, incompetent and prejudicial misconduct of counsel for the state in his argument to the jury, the case should be reversed."

In Collins v. State, 15 Okla. Cr. 96, 175 P. 124, this court held:

"Where certain remarks of the county attorney in argument to the jury are not such as are made grounds for reversal by statute, and there was no motion to exclude such remarks from the consideration of the jury, nor any ruling of the trial court adverse to the defendant to which an exception was saved at the time, there is no question presented for this court to consider."

A careful examination of the argument of counsel for the state discloses that counsel was evidently trying to answer the arguments made on behalf of defendant by his counsel, and that most of the remarks complained of were made in reply to remarks made by defendant's counsel. The record nowhere discloses that the defendant requested the court to instruct the jury not to consider the remarks complained of, and nowhere requested the court to make any ruling on said remarks upon which exceptions could be saved and error predicated. The remarks of the county attorney do come very close to the objectionable line, but this court cannot consider them on account of the failure of the defendant to have the proper record made. The remarks of the county attorney were not of such a nature as to deprive the defendant of his constitutional or statutory rights or unduly inflame the minds of the jury. The court is of the opinion that the rights of the defendant were not prejudiced by the remarks complained of.

The record shows that the defendant received a fair trial; that no error prejudicial to his rights was committed by the trial court.

The judgment is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.