## CHARLES T. COOPER v. STATE.

No. A-6528. Opinion Filed April 13, 1929.
(276 Pac. 498.)

John L. Gilson, A. B. Couch, and George M. Frittz, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, Charles T. Cooper, hereinafter referred to as defendant, was convicted in the district court of Texas county of the crime of grand larceny, and sentenced to serve one year in the state penitentiary.

When the state rested, the defendant demurred to the evidence offered by the state for the reason that it was wholly insufficient to sustain a verdict of guilty, which demurrer was by the court overruled. The defendant moved for a new trial, and assigned the insufficiency of the evidence as a ground for such new trial, which motion was overruled and exceptions saved.

The first question raised is that the evidence is insufficient to sustain a conviction.

In the case of Harrison v. State, 10 Okla. Cr. 210, 135 P. 948, this court says:

"When the evidence disclosed by the record tends reasonably to support the verdict of the jury, such verdict will not be disturbed by this court on appeal.

"A motion for new trial, based on an allegation that the evidence does not support the verdict of the jury, is addressed, first, to the sound discretion of the trial court, who has seen and heard the witnesses testify, and who must necessarily know a great deal more about many facts and circumstances produced at the trial, which cannot be written into a record, than an appellate court can by reading the record after it is written. And when a trial court has considered and passed upon such an issue, it comes to this court only on the proposition that as a matter of law the verdict is contrary to the evidence."

In the case of Halsey v. State, 42 Okla. Cr. 221, 275 P. 405, paragraphs 1 and 2 of the syllabus are as follows:

"1. This court will not grant a new trial on the ground of insufficient evidence to sustain the verdict of the jury,

where the evidence is conflicting and where there is sufficient evidence in the record to support the verdict, if the jury believed the testimony offered by the state.

"2. Where a conviction is had upon circumstantial evidence, if the facts proved are consistent with each other and with the theory of the guilt of accused, and inconsistent with innocence, and sufficient to convince the jury beyond a reasonable doubt of the guilt of accused, they are sufficient."

The evidence in the case at bar is sharply conflicting. If the jury believed the evidence of the state, it was sufficient to support the verdict of guilty. If the jury believed the evidence offered by the defendant, they could have acquitted him. Where the evidence is conflicting and where the evidence offered by the state, although partly circumstantial, is sufficient to support a verdict of guilty, this court will not disturb a judgment rendered on such verdict.

The defendant further complains of the admission of certain incompetent and hearsay evidence which was prejudicial to the substantial rights of the defendant. The rules of this court require counsel to set out in full in his brief the alleged hearsay evidence. This counsel has failed to do. We have carefully examined the record, and are unable to find any material errors of the court in the admission of evidence.

The evidence being sufficient to support the verdict of the jury, and no errors of law appearing upon the record affecting the substantial rights of the defendant, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.