## CLYDE MYERS v. STATE.

No. A-7095.  Opinion Filed Feb. 28, 1930.
(287 Pac. 756.)

C. A. Summers and W. P. Miller, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Muskogee county on a charge of having unlawful possession of whisky mash fit for distillation, and his punishment fixed at a fine of $30 and confinement in the county jail for a period of thirty days.

The evidence of the state was that two deputy sheriffs visited the premises of the defendant having a search warrant; that they went to the house and served the warrant on the defendant; that one of the officers, hearing a noise, went into another room and found the wife of defendant with two one-half gallon jars in her hands and a quart jar sitting on a washstand; that these jars had had whisky in them, and that a dishpan with water in it smelled strongly of whisky; they found several empty jars in the house and a jug outside of the house that smelled like whisky; that they went out into the field about a quarter of a mile from the house and found two barrels of mash fit for distillation; that wagon tracks led back from the mash to defendant's barn.

The defendant and his wife denied that there was any whisky in the house or had been any in the jars, and defendant denied that he was the owner of the mash or knew anything about it. The only question argued by the defendant in his brief is the sufficiency of the evidence.

The credibility of the witnesses and the weight to be given their testimony is exclusively for the jury, and the sufficiency of the evidence to support the verdict is for

the jury and the trial court in the first instance. Where there is competent evidence in the record tending to support the verdict of the jury, and where there is a conflict in the evidence, this court never disturbs the verdict of the jury for insufficiency of the evidence. Halsey v. State, 42 Okla. Cr. 221, 275 Pac. 405; Surrell v. State, 43 Okla. Cr. 97, 277 Pac. 282; Adams v. State, 277 Pac. 688; Richerson v. State, 43 Okla. Cr. 293, 278 Pac. 356.

The evidence being sufficient to sustain the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.