## LEE CHAMBLEE v. STATE.

No. A-7217.   Opinion Filed Aug. 23, 1930.
Rehearing Denied Sept. 20, 1930.
(291 Pac. 143.)

Thomas Conner and W. R. Wheeler, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kiowa county of the crime of rape in the second degree,

and his punishment fixed by the court at confinement in the state penitentiary at McAlester for a term of six years.

The evidence of the state was: That the defendant and one Fred Ingraham went to the home of H. C. Boren, father of the prosecuting witness, and, after drinking some whisky with Boren, they went to the home of Mrs. Romine, where the prosecuting witness, Lillie Boren, had gone. That they represented to the prosecuting witness that her father had told them to bring the prosecuting witness home, and, on this representation, she left the Romine home with the defendant and Ingraham. That after they left the Romine home the defendant and Ingraham produced a bottle of whisky and forced the prosecuting witness, who was a 14-year old girl, to drink some of the whisky with them. That, after driving several miles farther, Ingraham left the car on a pretense of getting some water for the radiator, and, while he was away, defendant had intercourse with the prosecuting witness. That from this place they went several miles farther, where defendant left the car and Ingraham had intercourse with the prosecuting witness. Later they drove to an old shack, where Ingraham and the girl spent the night. The prosecuting witness is corroborated in all the details of the crime, except the actual act of intercourse. Defendant and Ingraham denied having intercourse with the girl, but corroborated much of her story in other details.

Defendant contends, first, that the information is insufficient to charge an offense. In Warren v. State, 24 Okla. Cr. 6, 215 Pac. 635, this court said:

"The true test of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element

of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet."

Beginning with State v. Feebeck, 3 Okla. Cr. 508, 107 Pac. 442, and continuing to Scott v. State, 40 Okla. Cr. 296, 268 Pac. 312, this court has uniformly held similar informations sufficient.

Defendant next contends that the court erred in overruling his motion to dismiss the case because of failure of the state to give him a speedy trial. After several months in the county jail, the defendant was released on a cash bond. There is nothing in the record to indicate why the trial of the case was delayed. The record discloses no demand on the part of the defendant for a trial and no showing made by the defendant at any time that any continuance was granted over his objection. The defendant being at liberty on bond and there being nothing in the record to indicate that defendant demanded, or that it was the fault of the state that he was denied a speedy trial. it was not error for the court to overrule his motion to dismiss.

The defendant next contends that the court erred in overruling his motion to dismiss the case for the reason that his codefendant had been acquitted on the charge.

Section 2575, C. O. S. 1921, provides as follows:

"An accessory to the commission of a felony may be prosecuted, tried and punished, though the principal felon be neither prosecuted nor tried, and though the principal may have been acquitted."

Under this section, the fact that Ingraham had been acquitted on the charge that he also had committed the crime of rape against the prosecuting witness was immaterial.

Defendant next contends that the court erred in his instructions to the jury.

A careful examination of the instructions reveals that they fairly state the law as applicable to the facts in the case. The substance of the instruction requested by the defendant was given by the court on its own motion.

Defendant complained of numerous other alleged errors of the court, but examination of the record reveals that they are all without any substantial merit. Defendant was a man of mature years and the father of five children. The prosecutrix was 14 years of age. The record discloses that by artifice and deceit the prosecutrix was induced to go with defendant and Ingraham, and her evidence, with all of the facts and circumstances in the case, conclusively establishes the fact that the defendant is guilty of the crime of rape. When all of the circumstances are considered, the punishment meted out to the defendant is not excessive.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.