## OSCAR C. FISHER v. STATE.

No. A-8914.   Oct. 25, 1935.
(50 Pac. [2d] 754.)

Toby Morris, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

EDWARDS, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Cotton county of larceny of domestic fowls and his punishment fixed at a term of two and one-half years in the state penitentiary.

The record discloses that at the time charged there was stolen in the nighttime from the premises of George Gerber, Sr., 97 chickens. The larceny was discovered early the next morning, and the owner, with the assistance of other persons, tracked a car leading from the scene of the theft to the home of defendant's father in Comanche county, where they found the chickens. Forty-three of these chickens were distinctly marked by having the back toe cut off. The chickens were identified by the owner and members of his family. Defendant and one Holford were seen together in the neighborhood the afternoon before the larceny. The car belonging to defendant showed evidence of having been used to transport chickens. There are other

circumstances tending to prove the guilt of defendant. Defendant did not take the stand, but it was agreed the father of defendant, if present, would testify the chickens in question were his property and raised by him. The claimed testimony of this witness was impeached by proof of statements made by him to the officers at the time the chickens were discovered at his premises. As is usual in a larceny of this kind, committed in the nighttime, the evidence is circumstantial; but clearly the facts proven are consistent with each other and inconsistent with any reasonable conclusion or hypothesis except that of defendant's guilt. The facts and circumstances were such the jury could reasonably and logically arrive at a verdict of guilty. Penrod v. State, 38 Okla. Cr. 46, 258 Pac. 1052; Halsey v. State, 42 Okla. Cr. 221, 275 Pac. 405; Webb v. State, 54 Okla. Cr. 150, 16 Pac. (2d) 261.

The information is based on section 2276, Okla. Stat. 1931, and in addition to the allegation of larceny of domestic fowls, it further alleged they were of a value of $30. This, defendant contends, brings the charge under the general larceny statute, section 2256, Okla. Stat. 1931, and not under the special domestic fowl statute, section 2276. The state, however, treated the allegation of value as surplusage and made no proof of value. The court instructed the jury under section 2276. There is some division in the authorities, but under the rule of this jurisdiction, the procedure was proper. Crowell v. State, 6 Okla. Cr. 148, 117 Pac. 883; Newcomb v. State, 23 Okla. Cr. 172, 213 Pac. 900.

Prior to 1929 the law made larceny or theft of domestic fowls a felony without regard to value; however it applied only to fowls stolen in the nighttime from the messuage of another. Section 2119, Comp. Stat. 1921. By

chapter 20, § 1, Session Laws 1929, this statute was amended and became section 2276, Okla. Stat. 1931.

Just before entering on the trial, the state, by leave of court, amended the information by addition of the words, "* * * while acting conjointly and together with Will W. Holford * * *," making the information read "* * * that Oscar C. Fisher, while acting conjointly and together with Will W. Holford, did then and there," etc. This amendment, defendant argues, is of substance and defendant was entitled to additional time to plead. This is not tenable. The preliminary complaint contained this allegation but a severance was taken and the allegation in reference to Holford was dropped. The defendant only was on trial and the state might have proved the connection of Holford with the larceny without this amendment. No prejudice could have resulted. Our statute for amendment is liberal. Section 2830, Okla. Stat. 1931. The decisions of this court are also liberal. Sanditen v. State, 22 Okla. Cr. 14, 208 Pac. 1040; Wertzberger v. State, 25 Okla. Cr. 1, 218 Pac. 721; Chamblee v. State, 48 Okla. Cr. 337, 291 Pac. 143.

Defendant further argues that the court erred in his instructions Nos. 6 and 7. These instructions are applicable to the chicken stealing statute, section 2276, Okla. Stat. 1931, and the error complained of is that defendant insists the instructions should be under the general larceny statute, section 2256, Okla. Stat. 1931. Since we hold the trial under section 2276 was proper and the allegation of value surplusage, it follows the instructions were proper.

Upon consideration of the entire record we perceive no material error.

The case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.