LAWRENCE J. DIEHL v. CITY OF SHIDLER.

No. A-10308.    June 21, 1944.

(150 P. 2d 76.)

John W. Tillman and Fred A. Tillman, both of Pawhuska, for plaintiff in error.

A. J. Wildman, City Atty., of Shidler, and Bert Lawton, of Pawhuska, for defendant in error.

BAREFOOT, J.  Defendant, Lawrence J. Diehl, was charged in the municipal court of the city of Shidler with the violation of a city ordinance; was tried, convicted and fined in the sum of $10 and costs, which amounted to $9.50; appealed to the county court of Osage county where he was tried, convicted and assessed the same fine as in the municipal court.  From this judgment he has appealed.

This case is the outgrowth of the alleged violation of an ordinance of the city of Shidler, in Osage county, known as an occupational tax ordinance. The ordinance was passed by the city council on July 7, 1933, after the terms of the same had been discussed with a committee of business men, who agreed to the amount that should be assessed each business enterprise. The tax was for the purpose of raising revenue, as distinguished from regulatory measures enacted under the police power of municipalities.

Many preliminary motions and contentions were made by the defendant, both in the municipal court and in the county court. Counsel for the city also raised the question that the appeal was not perfected in the manner provided by law.

We do not deem it necessary or proper to consider all of the various motions. Many of them are very technical, and do not affect the merits of the case.

The ordinance under consideration provided for levying an annual occupational tax upon every kind of business in the city. Section 2 provided the amount to be paid by the different kinds of business, and provided that:

"All retail stores employing more than one clerk shall pay an additional tax of Ten Dollars on the basis of each additional clerk regularly employed therein."

Section 5 of the ordinance was as follows:

"It shall be unlawful for any person, firm or corporation to engage in any business, trade or occupation as set forth and defined in Section 2 of this ordinance without having first obtained a license therefor, and any person, firm or corporation who shall conduct any business, trade or occupation so defined, without having first obtained a license therefor, shall be deemed guilty of a misdemeanor and upon conviction therefor shall be fined in any sum

not less than one ($1.00) dollar nor more than nineteen ($19.00) dollars and costs of prosecution; Provided each and every day that any person, firm or corporation shall violate any of the provisions of this ordinance, it shall be deemed a separate offense."

Defendant's place of business was taxed in the sum of $40 per year. He paid this tax for several years, but did not do so for the years 1939, 1940, and a part of 1941, and charges were preferred against him in the municipal court by reason of such failure, with the result hereinbefore stated.

The law giving the city of Shidler the right to pass an ordinance of this kind is 11 O. S. 1941 § 651, which is as follows:

"The city council shall have authority to levy and collect a license tax on * * * merchants of all kinds, grocers * * * : Provided, however, that all scientific and literary lectures and entertainments shall be exempt from taxation, and also all concerts and musical or other entertainments given, exclusively by citizens of the city."

This provision was placed in the ordinance passed by the city of Shidler.

The sworn written complaint of the city clerk, filed against the defendant in the municipal court, charged him with the violation of "Occupational tax ordinance No. 78, as defined in section No. 2."

It is contended by defendant that the charge in the complaint is so indefinite and uncertain that it does not charge an offense; that section 2 of the ordinance contains many provisions setting out the amount of tax to be paid by those engaged in different occupations; and that defendant's motion to quash the complaint should have been sustained.

It may be true that the complaint could have been more specific, but it is also true that this court and other courts are very liberal in construing the allegations of a complaint filed in a municipal court for the violation of a municipal ordinance; the same exactness is not required in charges such as here involved as in criminal offenses filed by information or indictment. We think the complaint fairly charges the defendant in such manner that he understood the charge on which he was being tried.

It is further contended that the ordinance in question is discriminatory. The evidence as it appears in the record does not sustain this contention. Defendant had paid this tax for a number of years without complaint. The amount of the tax to be paid was set by a committee of business men who appeared before and assisted the members of the city council in fixing the rate. In the case of Ex parte Marler, 140 Okla. 194, 282 P. 353, the Supreme Court of this state discusses the question of the right of municipal authorities to impose a license tax for the purpose of raising revenue. Also see the case of Ex parte Dickison, 138 Okla. 266, 280 P. 797, and Bradley v. City of Richmond, 227 U. S. 477, 33 S. Ct. 318, 57 L. Ed. 603.

During the trial of this case in the county court, the city was permitted to amend the complaint by inserting therein the words, "Section 2." It is contended that this was error for which the case should be reversed. By the terms of 39 O. S. 1941 § 494 it is provided:

"All proceedings and actions before a county or justice court for a public offense of which such courts have jurisdiction, must be commenced by complaint, under oath setting forth the offense charged with such particulars of time, place, persons and property as to enable the defendant to understand distinctly the character of the offense

complained of, and to answer the complaint. The complaint, if found insufficient, may be amended to any extent necessary to conform to the facts proven: Provided, However, that if it be made to appear to the court, by the affidavit of the defendant, that by reason of such amendment he cannot safely proceed to trial, he shall be allowed time sufficient to prepare his defense to the complaint as amended, and for that purpose the cause may be continued."

And 22 O. S. 1941 § 304 provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

Under the liberal rule of practice as to complaints in municipal courts as heretofore announced, we are of the opinion that defendant was not prejudiced by permitting the amendment during the trial, and that the trial court did not abuse its discretion in permitting it to be made. Fisher v. State, 58 Okla. Cr. 157, 50 P. 2d 754; Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258.

It is strenuously contended that the city did not properly prove the ordinance. This contention is based upon the fact that the original ordinance as passed by the city council was not introduced in evidence, but a printed copy which had been pasted in the ordinance book, and certified to by the clerk, was introduced, and that this was insufficient.

The evidence revealed that the original ordinance had been lost. That the copy introduced was the printed copy that was taken from the newspaper and pasted in what

was known as the ordinance book. This was the procedure followed with reference to ordinances in the city of Shidler. The city clerk testified that he was present when the original ordinance was passed, and that the published copy was identical with the original, and that the original had been lost. Under these circumstances, we are of the opinion that the ordinance was properly proved and that the court did not err in permitting the printed copy in the hands of the city clerk to be introduced in evidence.

It is provided by 12 O. S. 1941 § 493 as follows:

"Printed copies of any of the ordinances, resolutions, rules, orders and by-laws of any city or incorporated town in this state, purporting to be published by authority of such city or incorporated town or manuscript copies of the same, certified under the hand of the proper officer, and having the corporate seal of such city or town affixed thereto shall be received as evidence."

In the case of Whitson v. City of Ada, 171 Okla. 491, 44 P. 2d 829, it is said:

"Where an ordinance passed by a municipality acting within its authority has been in existence for many years, during which time its validity has not been questioned, it will be presumed to have been properly enacted and published, until the contrary is proven."

It is further contended that the penalty clause of the ordinance in question, which provides: "shall be fined in any sum not less than One Dollar nor more than Nineteen Dollars and the costs of prosecution" renders the ordinance unconstitutional and void, for the reason that under this provision one could be fined more than $20, when the costs are included. Cases are cited in support of this proposition. Ex parte Johnson, 20 Okla. Cr. 66, 201 P. 533; Ex parte Bochmann, 20 Okla. Cr. 78, 201 P. 537, and cases cited in these opinions. We have examined all of the

cases, and find that in each instance the defendant was fined in an amount that exceeded $20. In the instant case defendant was only fined $10 and costs, which amounted to $9.50, or a total of $19.50.

It has been held that where imprisonment is provided, one is entitled to a trial by jury. The record reveals that in the instant case the defendant waived his right to trial by jury, and agreed to try his case to the court. No cases have been cited where the fine and costs were less than $20.

For the reasons herein stated, the judgment of the county court of Osage county is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.