Billy Wayne HERNDON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–199.

Court of Criminal Appeals of Oklahoma.

July 8, 1976.

Rehearing Denied July 27, 1976.

---

Don Hamilton, and Michael B. Gassaway, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael W. Jackson, Asst. Atty. Gen., for appellee.

–OPINION–

BUSSEY, Judge.

Appellant, Billy Wayne Herndon, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pottawatomie County, Oklahoma, Case No. CRF–73–132, for the offense of Grand Larceny, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1701. His punishment was fixed at a term of six (6) years in the State penitentiary, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Bill Lewis testified he was the manager of the M & P Grocery Store, located at 712 E. Highland, Shawnee, Oklahoma. On April 4, 1973, he was watching a closed circuit television monitor between the hours of 2:00 and 4:00 p. m., and as he viewed the check-out area on the monitor located in his office in the sales area of the store he observed two men standing suspiciously close together at check-out stand No. 1 while another man was removing the cash from the cash register at check-out stand No. 2. Thereupon, he got his .38 caliber pistol and proceeded to the check-out area where he told the three individuals to remain quiet and to stay where they were until the police arrived.

Witness Lewis then identified the defendant as one of the two persons who was

at check-out stand No. 1. Lewis testified that when he had confronted the men one of them moved toward him and another moved toward the defendant. Witness Lewis detained these three individuals at gunpoint until the police arrived. A total of $960.00 was retrieved from the floor of the grocery strore where it was dropped by one Gary Kent Howell, a co-participant in the robbery.

Diane Hopkins testified that she was employed at the M & P Grocery Store located at 712 E. Highland, Shawnee, Oklahoma, on April 4, 1973. On the day of the incident the defendant, whom she identified in court, and one Michael Gene Bonham, another co-participant, had come to her check-out stand to pay for their purchases. She had not yet seen Howell, who was hidden from her view by Bonham and the defendant. She had checked out Bonham and was completing checking out the defendant when Bill Lewis appeared and began speaking to the men, at which time she saw Howell. She stated the defendant then moved toward the end of the counter while Howell came around to the left side of the defendant at which time they commenced talking to each other. She testified that Howell pulled some money from his pocket and the currency fell to the floor of the grocery store. Thereafter, the police arrived and removed the individuals from the store.

Robert Newton testified he was employed as a milk salesman on April 4, 1973, and on the afternoon of that day he made a delivery to the M & P Grocery Store in Shawnee, Oklahoma. He testified that he observed the three men, who were later arrested, drive into the parking lot, park and enter the store together.

Claude Pendley testified that he was employed as a Detective Captain for the Shawnee Police Department. On April 4, 1973, he arrested the defendant at the M & P Grocery Store. The State then rested.

The defendant did not take the stand nor offer any evidence in his behalf.

■ Defendant's first assignment of error asserts that it was error for the prosecuting attorney to read the information to the jury. Specifically, defendant objects to the part of the information which alleges:

"[T]he above named BILLY WAYNE HERNDON then and there being, did then and there unlawfully, knowingly, wilfully, intentionally, wrongfully, and feloniously commit the crime of GRAND LARCENY (21–1701) in the following manner, to-wit: in that the said BILLY WAYNE HERNDON aided and abetted by MICHAEL GENE BONAHM [sic] and GARY KENT HOWELL . . ."

for the reason that Michael Gene Bonham had been acquitted previously as a principal in the charge. The record reveals that the defendant did not attempt to have the name of Micheal Gene Bonham stricken from the information, nor did he object to the reading of the information and only on appeal has the objection been made. In the case of *Wright v. State*, Okl.Cr., 505 P.2d 507 (1973), this Court held:

". . . It is settled law in Oklahoma that where no demurrer or motion to quash the information is filed, and a plea of 'not guilty' is entered and a trial is had, the defendant waives any defect in the information, except that the court has no jurisdiction of the subject matter and that no public offense has been committed. . . ." (Citation omitted)

Also see, *Metoyer v. State*, Okl.Cr., 538 P.2d 1066 (1975). Therefore, the defendant having failed to timely object to the information has waived any defect.

■ Defendant's second assignment of error asserts that it was error for the trial court to refuse to permit him to introduce evidence of the acquittal of Michael Gene Bonham and evidence of the conviction of Gary Kent Howell, both having had their trials prior to the defendant's trial.

Defendant argues under this assignment of error that the refusal of the trial court

to allow the defendant in a criminal prosecution to introduce competent evidence constitutes prejudicial error and cites, in support, *Fahay v. State*, Okl.Cr., 288 P.2d 757 (1955). We agree with this general rule of law, however, we are of the opinion that the complained of rejected evidence was not competent admissible evidence. The provisions of 22 O.S.1971, § 433, provide:

> "An accessory to the commission of a felony may be prosecuted, tried and punished, though the principal felon be neither prosecuted nor tried, and though the principal may have been acquitted."

In the case of *Chamblee v. State*, 48 Okl. Cr. 337, 291 P. 143 (1930), this Court stated that the fact that a co-defendant had been acquitted was immaterial in determining the defendant's guilt. This view on the precise issue here presented is discussed in 22A C.J.S. Criminal Law § 784, which states:

> "*Evidence of acquittal* of one jointly indicted with accused is not admissible on behalf of accused as tending to establish that he also is innocent, and this is true even though the evidence tends to show that accused on trial was an acessary before the fact, where the statute has abolished the distinction between principal and accessary (sic). Likewise, it is not competent on the trial of one charged with a crime to show that another, separately charged with the same offense, has been acquitted."

And, in the case of *Bacon v. State*, 147 Tex.Cr. 605, 183 S.W.2d 177 (1944), the Texas Court of Criminal Appeals held:

> "[U]pon the trial of one charged with crime it is not permissible to show that another jointly or separately indicted for the same offense has been convicted or acquitted. . . ." (Citations omitted)

Also see, *State v. Brown*, 360 Mo. 104, 227 S.W.2d 646 (1950); *State v. Frese*, 256 Iowa 289, 127 N.W.2d 83 (1964); *Tucker v. State*, Tex.Cr., 461 S.W.2d 630 (1971); *State v. Aubuchon*, Mo., 381 S.W.2d 807

(1974); and, I Wharton's Criminal Law and Procedure § 128 (1957). Based on the above authorities we find no error in the trial court's rejection of the above complained of evidence.

Defendant's third assignment of error asserts improper closing argument by the prosecuting attorney. Defendant first contends that under this assignment of error the following statement made by the prosecuting attorney asserted facts not in evidence:

> ". . . Did he just happen to come over here from Oklahoma City, and did they just happen to walk into the store at the same time? . . ." (Tr. 103)

The record reveals that the defense attorney objected at this time and the trial court sustained the objection and admonished the jury as follows:

> "THE COURT: Ladies and Gentleman of the Jury, there has been no testimony in this case, as best I can recall, that the defendant came here from Oklahoma City, so that part of the District Attorney's statement will be stricken, and you are not to pay any attention to it." (Tr. 104–105)

The trial court's admonition to the jury to not consider remarks of counsel usually cures an error unless it is of such a nature, after considering the evidence, that the error appears to have determined the verdict. See, *Kitchens v. State*, Okl.Cr., 513 P.2d 1300 (1973), and *Fite v. State*, Okl.Cr., 513 P.2d 1396 (1973). It is our opinion that in the instant case any error was cured by the trial court's admonition to the jury.

Defendant finally, under this assignment of error, sets forth certain excerpts from the prosecutor's closing argument wherein he referred to "three" people having committed the crime. We have carefully reviewed these excerpts and find that the prosecutor's closing argument was based on the evidence presented at trial and was based on inferences and deductions arising therefrom. See, *Pickens v.*

*State*, Okl.Cr., 450 P.2d 837 (1969). We therefore find defendant's third assignment of error to be without merit.

 Defendant's final assignment of error asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Jones v. State*, Okl.Cr., 468 P.2d 805 (1970).

For the foregoing reasons it is our opinion that the judgment and sentence appealed from should be, and the same is, hereby, *AFFIRMED*.

BRETT, P. J. and BLISS, J., concur.