Christian, J.,
delivered the opinion of the court.
The court is of opinion that there is no error in the judgment of the hustings court affirming the judgment of the police justice.
A fine was imposed on the plaintiff in error by the police justice of the city of Richmond for a violation of one of the city ordinances. On appeal to the hustings court that judgment imposing a fine was affirmed, *647 and from this judgment of the hustings court the plaintiff in error applied to one of the judges of this court for a writ of error and supersedeas; which was accordingly awarded.
The bill of exceptions taken to this judgment of the hustings court sets out the following facts:
That the appellant, F. Frommer, is a butcher in the Second or Heiy market of this city, and is duly licensed as such by the council thereof, and occupies a stall therein, for which he pays the rent to the city, according to the ordinances on the subject; that said F. Frommer resides in the county of Henrico, about half a mile outside of the corporate limits of this city, and that his slaughter-pens and slaughter-houses are at the place of his residence, and that he slaughters there all cattle, sheep, &c., the meat of which is offered by him for sale at his said stall at said market; that he is the owner of two wagons, running on eliptic springs, which is kept by him at his said residence in the county, and one or the other of which is used by him daily in transporting his slaughtered meat from said slaughter-house every day to the said Second market-house in said city, where the same is to he sold, and in carrying back such of said meat as may not be sold, after the market hours are over; and that he also carries and delivers, during and after market hours, to the houses of such of his customers residing in said city as may desire the same to be done, any meat so purchased by any of them from him, but that this is done without reward or hire. It further appeared that said wagons are given in by said F. Frommer in his list to the commissioner of the revenue for said county for taxation, according to law, as a part of his personal property in said county; that said F. Frommer also sells and delivers as aforesaid cured meats chiefly, hut not exclusively, of.his own curing—he occasionally *648 buying from commission merchants in said city such cured meats as he may need for his customers over and above what he cures himself, which meats are sent to him by the said commission merchants. His meats, -which aré cured by himself, are slaughtered and cured at his said slaughter-houses in said county, where such animals as he purchases for his business are, when their condition requires it, fattened before slaughter.
The fine imposed upon the plaintiff in error in this case was because of his refusal to pay a license tax upon his wagons employed in transporting his meats from his slaughter-pens, situated a short distance outside the corporate limits, to his stall in the New market, and also delivering meats to his customers in different parts of the city. The city, under its general powers of taxation conferred by its charter, under the decision of this court in the case of Ould & Carrington v. The City of Richmond, 23 Gratt. 464, might have imposed this tax. , But special authority is conferred upon the city authorities by the 71st section of its charter, in terms which cover this case, and leave no room for doubt or construction. That section provides as follows:
§71. The council may grant or refuse licenses to owners or keepers of wagons, drays, carts, hacks and other wheeled carriages kept or employed in the city for hire, and may require the owners or keepers of wagons, drays and carts using them in the city, to take out a license therefor, and may require taxes to be paid thereon, and’ subject the same to such regulations as they may deem proper, and prescribe their fees and compensation.
The plaintiff is an owner of wagons which he uses in the city in pursuit of his regular business, which is conducted in the city. It is difficult to conceive any just or reasonable ground why he should be exempted from the *649 license-tax required by the city authorities under the foregoing provisions of the city charter. Ilis counsel, in this court, suggested two grounds for such exemption: First, that it was the policy of the law to relieve butchers from taxation in order to cheapen the articles of prime necessity, which he furnishes to the people'of the city; and second, because he lives outside of the corporate limits; that the wagons are not kept in the city for hire, and these same wagons are taxed as personal property in the county of Henrico.
As to the first suggestion, it is sufficient to remark that the same argument was zealously pressed in the case of Sledd v. Commonwealth, 19 Gratt. 813. But this court held upon the construction of a statute, certainly not more comprehensive in its terms than the provision of the charter above referred to, that butchers were liable to the tax.
It is to be observed that the tax imposed is for a license to use his wagons on the streets of the city in the pursuit of his business in the city. It is difficult to imagine why the owners of drays, wagons and carts used in the transportation of flour in the city should be required to pay a license-tax, while the same vehicles used in transporting meats are to be free from such license-tax. Meat is certainly no more an article of prime necessity than bread.
It is further insisted that the city cannot impose this tax because these wagons are kept in the county of Henrico, and are taxed in that county. But the question is not where the wagons are kept, but are they used in the city in the. business of the butcher, whose place of business is in the city ? If so, they clearly come within the provisions of the charter, as liable to the license-tax. The construction of the city ordinance, as contended for by the counsel for plaintiff in error, cannot be maintained. It is manifest that the ordinance embraces wagons em *650 ployed in the city, as well as those kept in the city. It can ma^e no difference that the wagons are kept on premjust outside of the corporate limits, if they are used or employed on the streets of the city in his business conducted in the city.
Eor does the fact that the county of Henrico taxes these same wagons as personal property make any difference. They are a part of the personal property of the plaintif in error, subject to taxation. It is in no sense a double tax; the city does not tax them as property, but simply requires a license for the privilege of using its streets in the conduct of his business in the city. The city is subjected to constant and enormous expense in repairing and keeping its streets in order. This license-tax is intended to meet in part this heavy burden; and it is not only a legitimate but a most appropriate means of reimbursing the city, because it is the use of vehicles on its streets that causes, in the main', their wear and tear.
We are therefore of opinion that there is no error in the judgment of the hustings court, and that the same be affirmed.
It is proper to remark that there may be a question whether this court has jurisdiction in this ease, it having originated before the police justice and the fine being only ten dollars, but we do not deem it necessary to pass upon that question, inasmuch as we affirm the judgment of the court below, and as it is desirable that the question should be settled upon its merits.
Judgment affirmed.