## Floyd v. City of Corbin.

(Decided November 30, 1910.)

### Appeal from Whitley Circuit Court.

Taxation—Coal Yards and Coal Wagons—Discrimination in Occupation Tax.—A man who runs a coal yard in a city and pays a tax of $35.00 a year on his coal yard and wagon, would be unjustly discriminated against if one who lives just outside the city limits could by plying his wagon in the city do the same business free from any tax on his wagon, where the city ordinance requires coal wagons, not in connection with coal yards, to pay a tax of $5.00 each per year.

P. W. HARDIN and R. L. POPE for appellant.

(No brief for appellee.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The city of Corbin, Kentucky, levied a license tax on various occupations. The ordinance is a very long one, and seems to cover nearly every business or occupation that was carried on within the city. Among other things it contains these two items: "Coal yards, $35; coal wagons not in connection with coal yards, each $5." W. T. Floyd resided outside of the corporate limits of the city; he mined coal on his farm, and with his own wagon, hauled and delivered it within the city limits, without having paid the tax of $5 on the wagon. Thereupon he was arrested under a warrant issued by the police judge for violating the ordinance, and being tried was fined $5 and cost in the police court. He was imprisoned until he paid the fine and thereupon brought this suit against the city to recover damages, on the ground that the ordinance is void because it imposes a tax on coal wagons not in connection with coal yards, but puts no tax on coal wagons connected with coal yards, and discriminates between persons living in the city and doing business there, and persons living without it.

The case of Covington v. Balheim, 126 Ky. 26, is relied on. There the city of Covington had placed a license tax on grocers who used a wagon, but had placed no tax on other grocers. It was held that there was an unreasonable discrimination; that it was proper for the city to levy a license tax on grocers, and to graduate the tax according to the number of wagons used or the

amount of business done; but that the city could not levy a tax on grocers who used a wagon, and none on other grocers. But that is not this case. The ordinance before us levies a tax of $35, on coal yards, and so wagons connected with coal yards are not separately taxed; but other wagons used in the sale and delivery of coal, and not connected with coal yards would not be taxed in any way under the clause taxing coal yards; and so a license tax of $5 was placed on wagons not connected with coal yards; the purpose being to reach and include all wagons used in the business of selling and delivering coal. There is no discrimination. All the wagons used in the business are taxed. Those connected with coal yards are taxed in the tax of $35 imposed on coal yards, and those not connected with coal yards are taxed $5. The ordinance was manifestly intended to avoid the very difficulty which was pointed out in the Dalheim case, and not to exempt any of the wagons used in the business from the tax. The man who runs a coal yard in the city, and pays a tax of $35 a year for carrying on the business, would be unjustly discriminated against, if one who lives just outside its limits, could by his wagons plying in the city, do the same business free of any tax. We, therefore, conclude that the ordinance is valid, and that the circuit court properly sustained a demurrer to the plaintiff's petition. This conclusion makes it unnecessary for us to consider any other questions arising in the case.

Judgment affirmed.