**Ex parte MARLER.**

No. 19849.   Opinion. Filed Oct. 8, 1929.

Rehearing Denied Nov. 26, 1929.

Park Wyatt, for petitioner.

F. H. Reily, for respondent.

RILEY, J. Petitioner seeks release from imprisonment in the city jail in the city of Shawnee. His restraint is the result of his being charged and held in custody pending trial for having violated the provisions of ordinance No. 342, as amended by ordinance No. 365, and ordinance No. 424, of said city, which by article 6 thereof provides for a tax of $25 upon the occupation of a building contractor within said city, and by section 1 thereof prohibits any person from engaging in any occupation, etc., therein enumerated without having paid said city the license tax therein levied and without having procured a license as provided, and by section 19 thereof provides that violation of any provision of said ordinance is a misdemeanor, and providing a penalty for such violations as therein set forth.

There is no dispute as to the facts. The contention is directed to the constitutionality of the ordinance. The ordinance is admitted to be for revenue purposes, as distinguished from regulatory measures enacted under police power of municipalities.

The issue herein presented was in a measure determined in Ex parte Dickison, September 1, 1928, 138 Okla. 266, 280 Pac. 797, rehearing denied October 1, 1929, yet there are presented some phases not therein considered which we shall decide.

It is urged that the city of Shawnee lacked authority to enact the ordinance levying the tax. The Dickison Case determined that section 4556, C. O. S. 1921, contained in R. L. 1910 as section 581, was a grant of power from the sovereign state to cities, authorizing the levying and collection of a license tax upon specified occupations for revenue purposes, and that such grant of power was in view of section 20, art. 10, Constitution of Oklahoma.

City of Muskogee v. Wilkins, 73 Okla. 192, 175 Pac. 497, held by paragraph 2 of the syllabus:

"Section 581, R. L. 1910, empowers municipal authorities to impose a license tax for revenue, as distinguished from a license fee collected on account of necessary police regulation."

In Re Unger, 22 Okla. 755, 98 Pac. 999, December 1, 1908, this court held:

"The authority there delegated (Wilson's Rev. & Ann. St. 1903, sec. 386) gave the city the power to tax 'contractors'."

Ex parte Phillips, 64 Okla. 276, 167 Pac.

221, considered that R. L. 1910, section 581, authorized the city of Oklahoma City to levy and collect a license tax on certain occupations (of which the occupation of the petitioner was not one) and a license tax upon omnibuses, carts, wagons, and other vehicles, and that the city enacted an ordinance, pursuant to such grant of power from the state, reiterated in the city charter, levying a license tax of $25 upon each automobile used on the streets of said city for hire, and held that such tax was not an occupation tax on the business of petitioner, but a fee for the use of the streets; as such it was in contravention of section 8, art. 4, of the General Highway Law 1915, c. 173, and so the ordinance was annulled; the underlying principle being that, as to the levy and collection of such fee for such purpose (use of streets by vehicles upon which auto tax had been paid), the grant of power from the sovereign did not exist.

Section 4556, C. O. S. 1921, specifically provides:

"The city council shall have authority to levy and collect a license tax on * * * contractors. * * *"

So, then, in so far as the state is concerned, there exists a sufficient authority for enactment of the ordinance by reason of that grant of power.

The petitioner contends that the ordinance violates section 19, art. 10, of the Constitution, for that the purpose for which the tax is levied is not specified.

That constitutional provision reads as follows:

"Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose."

We hold there is no contravention of the constitutional mandate and inhibition, for, as held in McGannon v. Trapp, 33 Okla. 145, 124 Pac. 1063, that constitutional provision applies only to annually recurring taxes imposed generally upon the entire property, and not the kind of tax with which we are dealing, which is a special tax. As in that case pointed out, concerning the special tax imposed, "It is always uncertain upon whom it will fall and how much revenue it will produce," and consequently it would be impossible to specify the particular object to which the tax should be applied.

Thus far we hold, in so far as the sovereign is concerned, there was authority by reason of the grant of power to enact the ordinance, and further omission in the ordinance of a direction or instruction as to the purpose to which the revenue was to be devoted did not contravene section 19, art. 10, Constitution, for that provision of the Constitution is not applicable to such a tax revenue.

Now it is urged that the ordinance is violative of section 14, art. 4, charter of city of Shawnee, in that the ordinance is discriminatory by exacting a flat rate as follows: "All building contractors shall be assessed $25 per annum." Whereas it is said the charter "imposed upon the legislative body of the city the restriction and limitation that ordinances of this character should not be discriminatory, but the amount of the license fee sought to be levied should be proportioned according to the amount of the investment or the volume of business done."

The proviso contained in section 14, art. 4, of said charter reads:

"Provided, that no discrimination shall be made between persons engaged in the same business, otherwise than by making the tax upon any business proportionate to the amount of the business done. * * *"

That proviso restricts, forbids, and inhibits a discrimination in the amount of tax levied upon persons engaged in the same business, but permits, authorizes, and sanctions a different amount of such tax to be imposed upon persons engaged in like business when the tax is based in proportion to the volume of business. The latter part of the proviso is permissive in character and not a restriction or limitation. The ordinance in question is in compliance with the restriction contained in the first part of the proviso and we find no contravention with the basic law of the city such as would render the ordinance void.

As to discrimination inhibited, 19 R. C. L. 956, par. 255, states:

"A license tax on occupations may lawfully be graded in proportion to the business done, or in some other reasonable manner which in a general way tends to make the amount of the tax correspond to the value of the subject taxed, but a purely arbitrary gradation such as a discrimination between different parts of the municipality in respect to the amount of the tax for carrying on business therein is invalid."

The case of St. Louis v. Sternberg, 69 Mo. 289, holds valid an ordinance providing a uniform license on all lawyers without reference to the value of the practice of each

lawyer. See, also, Floyd v. Corbin (Ky.) 131 S. W. 1009.

In the citation from R. C. L., supra, it is further stated as text law and upon good authority, that:

"The constitutional requirements of equality and uniformity in taxation have no application to excise or license fees imposed by municipal corporations by virtue of the power of taxation. A municipal corporation having the power to tax occupations carried on within its limits has the exclusive right to decide what occupations shall be taxed and what shall not be taxed and what the rate of taxation shall be in each case, and no court has any jurisdiction to overrule its discretion in these particulars," etc.

So we conclude we must decline to hold, as urged, that the ordinance presented is discriminatory (1) in that it does not apply to all trades and professions, and (2) it does not levy an equal burden on each trade, business, profession, or occupation according to the amount invested or the volume of business transacted.

It is argued that the ordinance is void for the reason that by the collection of the tax thereunder double taxation may exist. No cases are cited upon that phase. There exist many decisions to the contrary. The text-writers take a contrary view:

"An occupation tax is not objectionable as double taxation merely because property used in the business taxed is subject to the general property tax." 19 R. C. L. 956; Ft. Smith v. Scruggs, 70 Ark. 549, 69 S. W. 679, 91 A. S. R. 100, 58 L. R. A. 921; Frommer v. Richmond, 31 Grat. (Va.) 646, 31 Am. Rep. 746.

The view expressed in the cited cases is that, notwithstanding the fact that a merchant has paid taxes on all his property, including his stock of goods, yet the state may authorize the city to compel him to pay an additional tax for the privilege of carrying on his business.

There exist many instances of double taxation; one holds an equity in a home, but pays ad valorem taxes upon the whole value, while another pays a tax upon a mortgage to the same (section 9588, C. O. S. 1921); inheritance taxes are paid upon property otherwise taxed; while one person may own and pay ad valorem taxes upon property, the same person may become liable for income taxes based upon profit from property taxed as first stated. Many other examples might be cited to show that while double taxation is frowned upon, the same is not violative of the Constitution as presented in the case at bar.

The six-mill limitation for current expenses imposed by the Legislature (section 9692, C. O. S. 1921, amended S. L. 1923-24, c. 61, p. 78) for municipal purposes is upon ad valorem taxes and has no application to the occupation or special taxes.

We, therefore, hold that the ordinance under consideration is not void because, as contended (1) it establishes a system of double taxation, and (2) raises the limit of revenue assessments above that prescribed by the Legislature.

It is urged that the ordinance is void because the charter of the city of Shawnee (section 14, chapter 4) provides simply for "licenses and regulation of occupations" by these words: "It may license and regulate the carrying on of any and all professions, trades, callings and occupations carried on," etc. It is, in effect, said by counsel that the charter provision is a limitation and restriction, adopted by the city of Shawnee with knowledge of the permissive grant of power from the sovereign state contained in section 4556, supra, "The city council shall have authority to levy and collect a license tax, * * *" and with intent and purpose on the part of the city of Shawnee to decline to permit the exercise of the power conferred by the enactment of any revenue-raising tax ordinance upon occupations, but simply, by charter provision, to permit ordinance providing for licenses and regulation.

The charter provision is not a restriction, but a grant of power. However, as applied to statutes, ordinances, charters, or Constitutions, providing for a tax, the rule strictissimi juris applies, consequently power conferred by charter upon a municipal corporation to regulate occupations does not include the power to tax it. So. Exp. Co. v. Rose Co., 124 Ga. 581, 53 S. E. 185, 5 L. R. A. (N. S.) 619; and as stated in 19 R. C. L. 952, par. 253;

"When the power conferred upon the corporation is to 'license and regulate' callings and occupations, a question has sometimes arisen in the courts, whether, under such a grant of power, the corporation could exact license fees for purposes of revenue, or should be limited to a sum reasonably sufficient to defray the expense of granting the license."

"In such cases," that authority states, "the rule generally accepted is that in construing the words of the grant the whole charter and the general legislation of the state respecting the subject-matter must be consulted in order to determine whether by the terms 'license and regulate' it was in-

tended to authorize licenses for purposes of revenue." Ex parte Frank, 52 Cal. 606, 28 Am. Rep. 642; Am. Union Exp. Co. v. St. Joseph, 66 Mo. 675, 27 Am. Rep. 382.

The general legislation of the state supports, authorizes, and confers the power upon "The city council * * * to levy and collect a * * * tax on * * * contractors," etc. There is no restriction contained in the charter of the city of Shawnee as to the enactment of such a revenue-raising ordinance as presented. Moreover, McQuillin on Municipal Corporations, section 1092, p. 2206, vol. 3, states that while the power to license, generally speaking, is a police power, "but exaction of license fee for revenue purposes is the exercise of the power of taxation." As heretofore recited, the power of taxation, as exercised, was granted to cities, and the city charter does not restrict that power so granted.

We hold against and contrary to the contention "that under the provisions of the charter herein quoted the city council only has power to 'license and regulate'."

The final contention regarding the ordinance is that "They are void because they provide a criminal penalty and imprisonment for debt, in violation of the Constitutions of the state and of the United States."

Our constitutional provision in this regard is contained in section 13, of art. 2, Constitution:

"Imprisonment for debt is prohibited, except for the nonpayment of fines and penalties imposed for the violation of law."

The rule is well settled that:

"When a municipality had authority to enforce its ordinances by appropriate fines, imprisonment, or other penalties, it may use its penal power to insure the collection of its license fees, by making it an offense to engage in a particular occupation without a license. A prosecution under such an ordinance is not a proceeding on the part of the city to collect the amount of license required by the ordinance, but it is instituted to recover a fine for breach of it committed by the defendant in practicing his occupation without such license, and although he may be subjected to the payment of the fine, he will not thereby be entitled to the license." 19 R. C. L. 976, par. 273; Gibson v. Harrison, 69 Ark. 385, 63 S. W. 999, 54 L. R. A. 268.

In other words, the petitioner's incarceration was occasioned, not for debt, but for violation of a city ordinance, which provided a penalty for persons who engaged in certain occupations without privilege from the municipal corporation.

Nebraska so holds. Morris v. City of Lincoln, 142 N. W. 114:

"An ordinance providing a fine and imprisonment as a means of enforcing a license tax does not trench upon the Constitution of the state."

McQuillin, in his work on Municipal Corporations, vol. 3, p. 493, sec. 1107, announces the rule:

"Imposition of a fine or other punishment for conducting a business without first paying the license tax levied thereon is a proper method to compel payment."

No cases are cited to the contrary. It is commonly accepted that the state may make it an offense to operate an auto upon the public road without first procuring a license by paying therefor and imprison one for violation of such provision. Where, as herein, the power to tax is granted and exercised, the same principle is involved.

We conclude the alternative writ of habeas corpus, heretofore granted, is discharged. The writ of habeas corpus is denied. The petitioner is remanded to the custody of the chief of police of the city of Shawnee.

LESTER, V. C. J., and CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT, J., dissent.