STATE ex rel. BOARD OF COM'RS OF HARMON COUNTY v. OKLAHOMA TAX COMMISSION et al.

No. 30446. June 30, 1942.

*127 P. 2d 1052.*

Duke Duvall, Herbert K. Hyde, Dudley, Hyde, Duvall & Dudley, and John Speck, all of Oklahoma City (Jasper Roberts, of Oklahoma City, of counsel), for petitioner.

F. M. Dudley, A. L. Herr, and C. D. Stinchecum, all of Oklahoma City, for Oklahoma Tax Commission.

Mac Q. Williamson, Atty. Gen., and Fred Hanson, Asst. Atty. Gen., for respondents Carl C. Sebring, State Treasurer, and Frank C. Carter, State Auditor.

HURST, J. This is an original proceeding instituted in this court by the relator, the board of county commissioners of Harmon county, for itself and all other counties similarly situated, to enjoin the respondents, the Oklahoma Tax Commission, the State Treasurer, and the State Auditor, from diverting $192,011.25, collected from an excise tax on the sale of gasoline, to the general revenue fund of the state, and to compel the apportionment and distribution of the same to the several counties of the state, as required by article 16, ch. 66, S. L. 1937, under which the taxes were levied and collected. The question for decision is whether chapter 1e, Title 62, S. L. 1941, directing the diversion of said money from county and township highway and bridge purposes to the general revenue fund of the state is violative of section 19, art. 10, of the State Constitution.

The law under which the tax was levied and collected (section 12535, O. S. 1931, made a part of the 1937 statute by reference) provided that the same be apportioned monthly to each county on the basis of area and population and "sent immediately to the county treasurer of each county to be deposited in the county highway fund, to be used by the county commissioners for the purpose of constructing and maintaining county or township highways and permanent bridges in each county" and for no other purpose.

Section 10, art. 16, ch. 66, S. L. 1937, provided for the refund of the taxes collected from persons not liable therefor, prescribed the procedure to be followed to obtain the refund, and directed that the refunds be paid from current collections before apportionment and distribution of the part allocated to the counties. By another law (sec. 20, art. 3, ch. 66, S. L. 1937), it was required that the claims for refund be made within one year from the date of payment.

Article 16, ch. 66, S. L. 1937, was repealed by section 17, art. 14, ch. 66, S. L. 1939, effective May 31, 1939, subject to the proviso that the repeal "shall not operate to effect or repeal existing motor fuel excise tax laws or the enforcement or refund provisions thereof, insofar as said laws apply to the taxes already accrued thereunder."

On June 1, 1939, the Tax Commission set aside $500,000 of the gasoline tax collected in May, 1939, out of which to pay refunds payable under the statutes aforesaid. The sum of $192,011.25, involved in this proceeding, the balance

of said $500,000 not used or needed to pay the refunds, is the money intended to be diverted to the state general revenue fund by chapter 1e, Title 62, S. L. 1941.

The board of county commissioners contends that the act contravenes section 19, art. 10, of the State Constitution, which provides:

"Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose."

It argues that said section applies to excise taxes, such as are involved in this proceeding, as well as to ad valorem and other taxes. It relies upon Hawks v. Bland, 156 Okla. 48, 9 P. 2d 720.

On the other hand, respondents contend that section 19, art. 10, of the State Constitution applies only to annually recurring taxes, and not to excise taxes. They rely upon McGannon v. State, 33 Okla. 145, 124 P. 1063, and Ex parte Marler, 140 Okla. 194, 282 P. 353. They also make other contentions which will be briefly disposed of.

1. It will be observed that section 19 contains two distinct commands: (1) That every act, ordinance or resolution levying a tax specify distinctly the purpose for which the tax is levied, and (2) that the tax when so levied and collected for one purpose shall never be devoted to another purpose. The authorities relied upon by respondent deal with the first portion, while Hawks v. Bland, relied upon by the relators, and the instant case, deal with the second.

We find no language in section 19 that justifies the conclusion that the second subdivision applies only to annually recurring taxes such as ad valorem taxes. Section 19 is found in the article of the Constitution that pertains to revenue and taxation. Section 12 of the same article expressly grants the Legislature power to provide for several kinds of taxes, including excise taxes. The two sections should be construed together. The word "taxes" as found in the second subdivision of section 19 is not used in a restrictive sense, but in the broad sense in which it is used in section 12 and the other sections of article 10.

The second subdivision of section 19, here under consideration, is a limitation on the use of the revenue collected under any law, state or municipal, enacted thereunder.

Several of the states have constitutional provisions similar to section 19, and they are generally given the construction we think should be given to the second subdivision of section 19. See 61 C. J. 1521; Board of Education v. Commissioners, 137 N. C. 310, 49 S. E. 353; State v. Osborne, 195 S. C. 295, 11 S. E. 2d 260, 266; Collins v. Humphrey, 181 Ark. 609, 27 S. W. 2d 102; State v. Crawford Twp., 139 Kan. 553, 32 P. 2d 809; School Dist. No. 2 v. Jackson Wilson High School Dist., 49 Wyo. 115, 52 P. 2d 673.

We conclude that the second subdivision of section 19 applies to excise taxes, and that the act under consideration is violative of that section.

Since the authorities relied upon by the respondent do not deal with the second subdivision, we need not now determine whether there is in fact a conflict between the two lines of authorities, or whether the decisions construing the first subdivision of the section are sound. The opinion in Hawks v. Bland does not refer to the McGannon and Marler Cases.

2. Respondents also contend that the tax is a state tax, devoted to a purpose in which the state has a sovereign interest, citing Foley v. State ex rel. King, 157 Okla. 202, 11 P. 2d 928; that the counties have no proprietary interest therein, and in receiving and expending the part of the tax apportioned to them act as agents of the state; that the Legislature could terminate such agency, or place the money under the control of other agents, at any time it saw fit, and that, as the money in ques-

158

tion belonged contingently to the persons entitled to refunds, upon their failure to ask for refunds it became the absolute property of the state, to be used for any public purposes.

The argument that the fund contingently belonged to those entitled to refunds is untenable. The taxpayer retained no interest therein. The money received from those who were entitled to a refund was not kept separate. Persons entitled to refunds were paid out of current collections if within a certain time they proved their right to a refund. If they failed to do so, the money received from them remained in the hands of the state as a part of the taxes so collected, its status being unchanged. The legislative act relied on did not seek to change the agents by whom the money was to be expended, but sought to divert the money to a different purpose, which we hold it could not do. Therefore, the contention made is without merit.

3. Defendants finally contend that the passage of chapter 1e of Title 62, S. L. 1941, was made necessary by the amendment to section 23, art. 10, of the State Constitution, which was adopted March 11, 1941. But there is nothing in the amendment which in any wise vitiates or alters the prohibition contained in the second subdivision of section 19, or which justifies a disregard thereof by the Legislature.

It follows that chapter 1e of Title 62, S. L. 1941, requiring the transfer of said moneys to the general revenue fund of the state, is invalid and that same are distributable as provided under the law levying them.

Writ granted.

WELCH, C. J., and OSBORN, BAYLESS, and ARNOLD, JJ., concur. CORN, V. C. J., concurs in result. RILEY, GIBSON, and DAVISON, JJ., dissent.

———

OSBORN, J. (concurring specially). I concur in the opinion of Mr. Justice

HURST herein. But lest the scope of the majority opinion be considered too broad, I point out that the Legislature did not purport to repeal the 1937 act levying the tax, thereby creating a surplus of funds on hand, nor did the Legislature purport to make a finding of the existence of a surplus in said fund not needed for the purpose originally intended. In either event, a different question would be presented for determination. See State ex rel. Sathre v. Hopton, 66 N. D. 313, 265 N. W. 395; State v. Board of Com'rs of Butler County, 77 Kan. 527, 94 P. 1004; Whaley v. Commonwealth, 110 Ky. 154, 61 S. W. 35; State ex rel. Edwards v. Osborne, 193 S. C. 158, 7 S. E. 2d 526; Tippecanoe County v. Lucas, 93 U. S. 108, 23 L. Ed. 822; State ex rel. Bell v. Cummings, 130 Tenn. 566, 172 S. W. 290, L. R. A. 1915D, 274; Fitzpatrick v. State Board of Examiners, 105 Mont. 234, 70 P. 2d 285; Miller v. Henry, 62 Ore. 4, 124 P. 197.