COUNTY HIGHWAY FUNDS — TRANSPORTATION OF COMMODITIES — USE OF COUNTY ROAD MACHINERY BY FARMERS Title 19 O.S. 354 [19-354] (1971) and 69 O.S. 640 [69-640] — 69 O.S. 643 [69-643] (1971) are not in conflict with Article X, Section 19 of the Oklahoma Constitution. The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "Are 19 O.S. 354 [19-354] (1971) and 69 O.S. 640 [69-640] — 69 O.S. 643 [69-643] (1971) unconstitutional in view of limitations imposed by Article X, Section 19 of the Oklahoma Constitution, 68 O.S. 504 [68-504] (1971), 68 O.S. 519 [68-519](b) (1971), and State ex rel Board of County Commissioners of Harmon County v. Oklahoma Tax Commission?" Before a determination of constitutionality can be made, it is necessary to take a look at Article X, Section 19 of the Oklahoma Constitution which sets forth the basic requirement dealing with the specification of a tax purpose: "Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied and no tax levied and collected for one purpose shall ever be devoted to another purpose." In attempting to ascertain the intent of the constitutional framers, the Oklahoma Supreme Court said in Black v. Oklahoma Funding Bond Commission, 140 P.2d 740: "We think such constitutional provision was designed to prevent the concealment of the purpose of a tax levy and to prohibit the improper use of a fund after it has already been pledged for the payment of a certain obligation." (Emphasis added) Furthermore, in order to answer your question, careful study must be made of two statutes dealing with the purpose of the County Highway Fund. Title 68 O.S. 504 [68-504] (1971) deals with the apportionment of the excise tax. The particular purpose with which we are concerned can be found in subsection (d) (2) of that section: ". . . (2) The remaining sixty percent (60%) of such sum shall be distributed to the various counties on the basis which the population and area of each county bears to the total population and area of the State. The funds so transmitted shall be sent to the respective county treasurers, and by them deposited in the County Highway Fund of their respective counties to be used by the county commissioners for the purpose of constructing and maintaining county or township highways and permanent bridges in such counties. No part of such fund shall be used for any purpose other than the construction and maintenance of county or township highways and permanent bridges in the county receiving the fund. The said funds received by any county shall not thereafter be diverted to any other county of the State, but such funds shall be expended only under the direction and control of the Board of County Commissioners in the county to which said funds are apportioned. If any part of said funds is diverted for any purpose other than is provided herein, the County Commissioners shall be liable on their bond for double the amount of money so diverted . . ." (Emphasis added) Title 68 O.S. 519 [68-519](b) (1971) further determines the use of the County Highway Fund: ". . . The funds so transmitted shall be sent to the respective county treasurers and by them deposited in the County Highway Fund of the respective counties to be used by the County Commissioners exclusively and directly for the construction and maintenance of county and township highways and permanent bridges on United States rural free delivery and contract mail routes, and school district bus routes, which have been officially designated and mapped by the respective school districts of the respective counties of the State. Provided, however, that the Board of County Commissioners of any county of this State shall not expend any of such funds on any school district bus route in any district of the State receiving State aid, until such bus route has been approved by the State Board of Education unless said bus route be the same as a United States mail route; and provided, further, that the Board of County Commissioners of any county in this State shall not expend any of such funds for the purpose of purchasing or renting road machinery or equipment. Provided, further, that in all counties where the County Excise Board of any county may find it necessary, because of insufficient revenue to maintain city and county government of such county out of the general fund, after a levy of ten (10) mills has been made for any fiscal year, the County Excise Board may appropriate out of any such funds apportioned to such county an amount sufficient to pay the salaries of the County Commissioners of such county for such fiscal year. (b) It shall be unlawful for the Board of County Commissioners to use such funds for any other purpose, and any Commissioner violating any of the provisions of this Section shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not to exceed Five Hundred Dollars ($500.00) and imprisoned in the county jail not to exceed six (6) months; and said Commissioner shall be liable on his official bond for any of said funds expended in violation of the provisions of this Section." (Emphasis added) With these two statutes and the constitutional provision in mind, we can now look at the two statutes in question, both of which deal with the Legislature's creation of a new purpose for the County Highway Fund. Title 19 O.S. 354 [19-354] (1971) authorizes the use of county owned vehicles to distribute or transport commodities: "The Board of County Commissioners of any county of this State shall have authority, in their discretion, to use and operate any trucks or automobiles owned by the county in transporting from any point in the State of Oklahoma to said county, or in transporting or distributing within said county, any commodities or items of value donated to said county or any school district therein by or through the State of Oklahoma, the United States, or any agency or instrumentality of either, for redistribution to eligible recipients. The Board shall also have authority to hire clerical help, rent office and storage facilities, and provide other necessary functions for the receipt and distribution of any such commodities, and the cost of such expenses may be paid either from the County Highway Funds or from the General Fund of the County. Two prior Attorney General Opinions have dealt with this same question. In Attorney General Opinion No. 65-238 it was determined that the County Commissioners could transport commodities in county-owned trucks and automobiles and any expenditures incurred in maintaining and operating such vehicles could be paid from either the County Highway Fund or from the General Fund of the County. That opinion held that expenditures for clerical help could not be paid from the County Highway Fund only because there was no statutory authorization for such. At that time, 19 O.S. 354 [19-354] and 19 O.S. 355 [19-355] (1961), made no provision for the hiring of clerical help, office rent, etc. with the cost of such expenses being paid from the County Highway Fund. That opinion held: "19 O.S. 355 [19-355] only authorizes expenditures from the County Highway Funds for maintaining and operating trucks and automobiles, when used for the purposes expressed in 19 O.S. 354 [19-354]. 19 O.S. 355 [19-355] makes no provision for using County Highway Funds to pay the expenses of clerical help, office rent, and storage facilities." Thereafter, a new section was enacted authorizing the payment of such expenses from the County Highway Fund. Therefore, the County Commissioners now have statutory authority on which to rely when authorizing expenditures from said funds for the payment of clerical help, office rent and storage facilities. An Attorney General's Opinion dated March 28, 1956, authorizes the County Commissioners of any county to use and operate any truck or automobile owned by the county in transporting or distributing any commodities or items of value donated to the County for redistribution to eligible recipients. That opinion held: "The expenditures incurred in maintaining and operating such trucks and automobiles when used for the purpose set out in Sec. 1 of this Act may be paid either from the County Highway Funds or from the General Funds of the County." These two prior Attorney General opinions have authorized the payments of said expenses to be made from the County Highway Fund. In Delaware County Excise Board v. St. Louis v. San Francisco Railroad Company, 49 P.2d 523, the Supreme Court discussed the levy of the gasoline tax and its purpose: ". . . That the Legislature had authority to levy the tax and to provide the purpose and use to which the funds should be put appear certain, and, as we understand is not here questioned. . . ." Therefore, it appears that the purpose of the constitutional pro vision and statute in question were enacted to keep the taxing authorities of the county from expending County Highway Fund money for a purpose other than that which the Oklahoma Legislature has created. Furthermore, it appears obvious from the language in the statute that the Legislature has restricted the use of the County Highway Fund to the particular purpose authorized. The Legislature has even set forth that a violation of any of the provisions of 68 O.S. 519 [68-519] (1971) by a County Commissioner shall be a misdemeanor. The County Commissioners must be able to rely on the Oklahoma Statutes for authority to conduct the business of the county. In State ex rel. Board of County Commissioners of Harmon County v. Oklahoma Tax Commission, 191 Okl. 155,127 P.2d 1052, which you mentioned in your opinion request, the Oklahoma Supreme Court held that a transfer of gasoline excise taxes levied and collected with the purpose of constructing and maintaining county or township highway and permanent bridges of the county, to the general revenue fund of the state, violates the constitutional provision that no tax levied and collected for one purpose shall ever be devoted to another purpose. This case dealt with the transfer from one fund to another and does not provide us with any direction for the question you posed. Therefore, 19 O.S. 354 [19-354] (1971) complies with Article X, Section 19 of the Oklahoma Constitution. Your second question concerns the constitutionality of 69 O.S. 640 [69-640] -69 O.S. 643 [69-643] (1971). Title 69 O.S. 640 [69-640] — 69 O.S. 643 [69-643] (1971) pertains to the use of County road machinery by farmers: "69 O.S. 640 [69-640]. If there be located in any county less than six private operators actively engaged and registered with the governmental bureau or department having supervision of soil conservation, and available for contracting for rendering soil conservation services, the Board of County Commissioners may permit farmers in such counties to use the county road machinery and equipment in constructing and maintaining terraces and ditches in the county. 69 O.S. 641 [69-641]. (a) The Board of County Commissioners may not permit the use of such machinery and equipment, as provided in the preceding Section, until the farmer desiring the use thereof shall make and enter into a contract with such county, providing that the farmer shall pay all expenses incurred in moving the machinery and equipment and the upkeep thereof, and that the same shall be returned to the county in as good condition as it was when received, the usual wear and tear alone excepted. (b) The farmer shall further, to enforce the compliance with such contract, deposit a bond with the Board of County Commissioners guaranteeing the compliance with such contract and the payment for oil and gas, etc., such bond to be approved by the Board, or, in lieu of such bond, shall make a cash deposit in such sum as may be required by the Board; provided, that no farmer shall be liable for major breakage of such equipment. 69 O.S. 642 [69-642]. Such machinery and equipment when used as hereinbefore provided shall be operated by and be under the control of the duly appointed agents and employees of the counties. 69 O.S. 643 [69-643]. Advice of county farm agent. — Before the Board of County Commissioners shall permit the use of any such machinery, the Board shall require that such farm be surveyed for terracing purposes by an engineer from Oklahoma State University or by the County Agent of the county, either under his supervision or by some other person competent to properly survey and lay off a terrace, who shall be approved by the Board of County Commissioners. Such permit for the use of the machinery shall provide that the landowner shall maintain such terrace in good condition while he owns said land. The Board of County Commissioners and contracting farmer or farmers shall at all times seek the advice of and cooperate with, as far as possible, the county farm agent or agents in the county." From a reading of the above, it is apparent that there is no authorization for a direct expenditure of public funds from the County Highway Fund, and thus, does not violate the constitutional prohibition. The bond the farmer executes should prevent any public money from being expended and should the bond prove to be insufficient to pay such costs, the contracting farmer, not the county, will be responsible for any deficiencies arising from the execution of said contract. The bond would, therefore, eliminate any expenditure of public funds, thereby creating no possibility of the County Highway Fund being used for such purpose. Therefore, 69 O.S. 640 [69-640] — 69 O.S. 643 [69-643] do not conflict with any constitutional or statutory provision. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Title 19 O.S. 354 [19-354] (1971) and 69 O.S. 640 [69-640] — 69 O.S. 643 [69-643] (1971) are not in conflict with ArticleX, Section 19 of the Oklahoma Constitution. (ANGELA ABLES) (ksg)