OSCN Found Document:Question Submitted by: Chair Troy Wilson, Commissioner Denise Engle, Commissioner Robert Gilliland, The Workers Compensation Commission

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 Question Submitted by: Chair Troy Wilson, Commissioner Denise Engle, Commissioner Robert Gilliland, The Workers Compensation Commission
2014 OK AG 16
Decided: 11/18/2014
Oklahoma Attorney General Opinions
Cite as: 2014 OK AG 16, __ __

 
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Is the purpose of the tax levied in 85A O.S.Supp.2013, § 122(B) solely to provide funds for the Workers' Compensation Fund?
2. If so, did the Legislature violate Article X, Section 19 of the Oklahoma Constitution by appropriating proceeds of that tax in a manner inconsistent with that purpose?
I.
Introduction
¶1 In your request, you state that 85A O.S.Supp.2013, § 122(A) levied certain tax assessments to provide funds for the Workers' Compensation Fund--a fund created in 85A O.S.Supp.2013, § 28. Further, you state that use of these proceeds for any "other purpose" must be consistent with this primary purpose--providing funds for the Fund. You believe that use of these tax proceeds for general revenue purposes--and not for the use or benefit or at the direction of the Workers' Compensation Commission--violates Article X, Section 19 of the Oklahoma Constitution.[1]
¶2 On May 1, 2013, the Legislature approved Senate Bill ("SB") 1062--a bill designed to transition the old, adversarial workers' compensation court system into an administrative system for resolving workers' compensation claims. On May 6, 2013, Governor Mary Fallin signed SB 1062 into law and it is now codified as Title 85A. See 2013 Okla. Sess. Laws ch. 208.
¶3 Title 85A is comprised of three inter-related acts: the Administrative Workers' Compensation Act ("Act"), the Oklahoma Employee Injury Benefit Act, and the Workers' Compensation Arbitration Act. 85A O.S.Supp.2013, §§ 1, 200, 300. Section 19 of Title 85A places with the Workers' Compensation Commission ("Commission") the exclusive responsibility and duty of carrying out the provisions of the first act: the Administrative Workers' Compensation Act. Id. § 19(A). 
¶4 Your questions relate to two sections of the Administrative Worker's Compensation Act: Section 122 and Section 28, which is cross-referenced in Section 122. Section 122 of Title 85A states, in relevant part:


A. The Workers' Compensation Fund established by Section 28 of this act shall be used for the costs of administering this act and for other purposes pursuant to legislative appropriation.
B. For the purpose of providing funds for the Workers' Compensation Fund, each mutual or interinsurance association, stock company, CompSource Oklahoma or other insurance carrier writing workers' compensation insurance in this state shall pay to the Oklahoma Tax Commission an assessment at a rate of one percent (1%) of all gross direct premiums written during each quarter of the calendar year for workers' compensation insurance on risks located in this state after deducting [certain expenses]. . . .
C. When an employer is authorized to become a self-insurer, the Commission shall so notify the Tax Commission, giving the effective date of such authorization. The Tax Commission shall then assess and collect from the employers carrying their own risk an assessment at the rate of two percent (2%) of the total compensation for permanent total disability awards, permanent partial disability awards and death benefits paid out during each quarter of the calendar year by the employers. Such assessment shall be payable by the employers and collected by the Tax Commission . . . .
D. It shall be the duty of the Tax Commission to collect the payments provided for in this act. . . .
E. The Tax Commission shall pay monthly to the State Treasurer to the credit of the General Revenue Fund all monies collected under the provisions of this section.


Id.
¶5 Section 28, in turn, establishes the Workers' Compensation Fund ("Fund") within the Office of the State Treasurer, id. § 28(A)(1). Section 28 states in relevant part:


B. Except as provided [for an unrelated fund], no money shall be appropriated from these funds for any purpose except for the use and benefit, or at the direction, of the Oklahoma Workers' Compensation Commission.
C. Except as provided [for an unrelated fund], all funds established under this section shall be administered, disbursed, and invested under the direction of the Commission and the State Treasurer.
. . . .
H. The Workers' Compensation Fund shall be used to fund the activities of the Commission in administering the Administrative Workers' Compensation Act and for any other purposes related to the Administrative Workers' Compensation Act that the Commission deems appropriate, subject to the provisions of Section 122 of this title.
I. Unless provided otherwise in the Administrative Workers' Compensation Act, all fines and penalties assessed under the . . . Act shall be deposited into the Workers' Compensation Fund.


Id. § 28. Because these sections cross-reference each other, they must be read together. 
II.
Standards
¶6 Article X, Section 19 of the Oklahoma Constitution states that "[e]very act enacted by the Legislature . . . levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose." Okla. Const. art. X, § 19. "[S]ection 19 contains two distinct commands (1) that every act . . . levying a tax specify distinctly the purpose for which the tax is levied, and (2) that the tax when so levied and collected for one purpose shall never be devoted to another purpose." State ex. rel. Bd. of Comm'rs v. Okla. Tax Comm'n, 127 P.2d 1052, 1054 (Okla. 1942). 
¶7 When called upon to interpret statutes, we apply rules of statutory interpretation. Those rules provide that, in the case of clear, unambiguous statutes, we must presume "that the Legislature expressed its intent and intended what it expressed." Estes v. ConocoPhillips Co., 184 P.3d 518, 525 (Okla. 2008). "When possible, different provisions must be construed together to effect an harmonious whole." Villines v. Szczepanski, 122 P.3d 466, 471 (Okla. 2005). That is, the goal "is always to construe apparently conflicting legislative enactments dealing with the same subject together as a harmonious whole so as to give effect to each provision." McNeill v. City of Tulsa, 953 P.2d 329, 332 (Okla. 1998). 
III.
The Tax Identified in 85A O.S.Supp.2013, § 122 is Levied for the Purpose of Providing Proceeds for the Workers' Compensation Fund.
¶8 Turning to the first Article X, Section 19 command, the Constitution "is satisfied by a 'general statement of the purposes'" of the act. Howard v. Crawford, 16 P.3d 473, 477 (Okla. Civ. App. 2000) (quoting Sublett v. City of Tulsa, 405 P.2d 185, 197 (Okla. 1965)); see also A.G. Opin. 2004-32, at 213 (stating that "[t]he word 'purpose' is used broadly in the constitution and in statutes requiring that the purpose of a tax must be stated"). That is, the purpose of a tax need not be linked to a specifically identified project, but passes constitutional muster so long as it is generally stated. See Howard, 16 P.3d at 477. 
¶9 Here, Section 122 clearly states that the specified taxes are levied "[f]or the purpose of providing funds for the Workers' Compensation Fund." 85A O.S.Supp.2013, § 122(B). That is the only stated purpose for the collection of these tax proceeds. This purpose is sufficiently distinct.
¶10 Section 122 clarifies, however, that these tax proceeds must be appropriated by the Legislature. Section 122(E) states that "[t]he Tax Commission shall pay monthly to the State Treasurer to the credit of the General Revenue Fund all monies collected under the provisions of this section." Id. § 122(E) (emphasis added). That these tax proceeds are paid to the credit of the General Revenue Fund indicates that the Legislature must appropriate them to the Fund. The statute does not state that the Legislature must appropriate all such proceeds in each fiscal year, but when it does appropriate these tax proceeds, the appropriation must be for the only purpose given for this tax levy--providing proceeds for the Fund. See id. § 122(B). Section 122, therefore, limits the Legislature's ability to appropriate these proceeds.
¶11 In addition to this limitation, Sections 122 and 28 limit the use of these tax proceeds once the Legislature appropriates them to the Fund. That is, Section 122(A) states that Section 28 creates the Fund. See id. § 122(A). Turning to that statute, Section 28 states that no money in the Fund may be appropriated from the Fund for any purpose "except for the use and benefit, or at the direction, of the Oklahoma Workers' Compensation Commission." Id. § 28(B). Indeed, Section 28(H) reiterates that the Fund "shall be used" to fund the Commission's activities in administering the Act "and for any other purposes related to the Administrative Workers' Compensation Act that the Commission deems appropriate." Id. § 28(H) (emphasis added). Additionally, subsection 28(H) clarifies that even when used for "other purposes" as deemed appropriate by the Commission these "other purposes" are "subject to the provisions of Section 122." Id. 
¶12 Reviewing Section 122, we see that it contains two limits on the use of proceeds in the Fund. The Fund may only be used "for the costs of administering th[e] act" and "for other purposes pursuant to legislative appropriation." Id. § 122(A). We do not read this latter limitation as permitting open-ended use of monies in the Fund. Rather, we read that limitation consistently in light of Section 28(B)'s requirement that any subsequent appropriation of these proceeds must be "for the use and benefit, or at the direction, of the Oklahoma Workers' Compensation Commission." Id. § 28(B). Reading Sections 122 and 28 together,[2] we conclude that limitation on use of the Fund "for other purposes pursuant to legislative appropriation" (id. § 122(A)) must comply with Section 28(B)'s command that the monies in the Fund be for "the use and benefit, or at the direction, of the . . . Commission." Id.
¶13 In sum, while it is the Legislature that appropriates these tax proceeds to the Fund pursuant to Section 122, such appropriation is limited and must be for the purpose of providing proceeds for the Fund. The funds once appropriated are further limited as set forth in Section 28. In so concluding, we provide effect to both Sections 122 and 28, giving these otherwise conflicting provisions a harmonious reading. In short, the sole purpose of this tax is to provide tax proceeds for the Workers' Compensation Fund, and any appropriation must be consistent with this purpose. 
IV.
Because These Proceeds Can Only be Used For the Use and Benefit of the Commission and at the Direction of the Commission, Appropriation of These Proceeds for an Unrelated Purpose, Violates Article X, Section 19 of the Oklahoma Constitution.
¶14 The second command of Article X, Section 19 "is a limitation on the use of the revenue collected under any law, state or municipal, enacted thereunder." State ex. rel. Bd. of Cnty. Comm'rs, 127 P.2d at 1054. Article X, Section 19 historically stands for the proposition that tax proceeds collected for one purpose cannot be diverted for other purposes. See Ward v. State, 56 P.2d 136, 137 (Okla. 1936); In re State of Okla. Bldg. Bonds Comm'n, 214 P.2d 934, 938 (Okla. 1950). 
¶15 For Fiscal Year 2015, the Board of Equalization certified that this tax would generate approximately $11 million.[3] The Legislature appropriated a total of $5.5 million to the Workers' Compensation Commission and the Workers' Compensation Court of Existing Claims. 2014 Okla. Sess. Laws ch. 420, §§ 131, 132. All or some of the remainder of the $11 million was appropriated in Fiscal Year 2015 for purposes other than the use and benefit of the Commission. 
¶16 You ask whether appropriating the taxes for other purposes violates Article X, Section 19. We conclude that an appropriation for purposes other than to provide proceeds for the Workers' Compensation Fund violates Article X, Section 19 of the Oklahoma Constitution. 


¶17 It is, therefore, the Opinion of the Attorney General that:
1. The tax identified in 85A O.S.Supp.2013, § 122 was levied for the sole purpose of providing proceeds for the Workers' Compensation Fund. Sections 122 and 28 of Title 85A provide limitations on appropriation and use of these tax proceeds: the Legislature may only appropriate them to the Fund, and once appropriated into the Fund, they can only be used for the use and benefit, or at the direction, of the Commission. 
2. The appropriation of tax proceeds for purposes other than providing proceeds for the Workers' Compensation Fund violates Okla. Const. art. X, § 19.


E. SCOTT PRUITT
Attorney General of Oklahoma
CARA N. RODRIQUEZ
Assistant Solicitor General 
FOOTNOTES
[1] Letter from Workers' Compensation Comm'n to E. Scott Pruitt, Attorney General of Oklahoma (June. 13, 2014) (on file with author). 
[2] Rules of construction require that statutes must be construed to harmonize with each other to determine the purpose and intent of the Legislature. McNeil, 953 P.2d at 332. 
[3] See proposed Fiscal Year 2015 revenue verification of December 19, 2013, on file with the author.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2000 OK CIV APP 142, 16 P.3d 473, 72 OBJ 180, HOWARD v. CRAWFORD
Cited
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1936 OK 293, 56 P.2d 136, 176 Okla. 368, WARD v. STATE
Cited
 1965 OK 78, 405 P.2d 185, SUBLETT v. CITY OF TULSA
Cited
 2005 OK 63, 122 P.3d 466, IN THE MATTER OF THE ESTATE OF VILLINES
Cited
 2008 OK 21, 184 P.3d 518, ESTES v. CONOCOPHILLIPS CO.
Cited
 1998 OK 2, 953 P.2d 329, 69 OBJ 208, McNEILL v. CITY OF TULSA
Cited
 1950 OK 45, 214 P.2d 934, 202 Okla. 454, In re STATE BLDG. BONDS COMM'N
Cited
 1942 OK 266, 127 P.2d 1052, 191 Okla. 155, STATE ex rel. BOARD OF COM'RS OF HARMON COUNTY v. OKLAHOMA TAX COMM'N
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 1, Short Title
Cited
 85A O.S. 28, Establishment - Workers' Compensation Fund - Multiple Injury Trust Fund - Self-insurance Guaranty Fund
Cited
 85A O.S. 122, The Workers' Compensation Fund - Creation - Collection From Employers
Discussed at Length