**CAVIN et al. v. BOARD OF COUNTY COM'RS OF GARFIELD COUNTY et al.**

No. 25175.    April 24, 1934.

Withdrawn, Corrected, and Refiled May 15, 1934.

McKeever, Elam, Stewart & McKeever, for plaintiffs in error.

W. E. Crowe, for defendants in error.

ANDREWS, J. This is a proceeding for a writ of mandamus. It was filed in the district court of Garfield county and tried by the district court. At the conclusion of the plaintiffs' evidence the defendants demurred thereto. The demurrer was sustained and mandamus was denied. The plaintiffs appealed. The parties appear here as they appeared in the trial court and will be referred to as plaintiffs and defendants.

On January 3, 1933, Joe J. Cavin, sheriff of Garfield county, submitted to the board of county commissioners of Garfield county for its approval a written list of appointments of deputies and jailers for the ensuing term, the material portion of which is as follows:

"To the Honorable Board of County Commissioners of Garfield County:

"I, Joe J. Cavin, Sheriff of Garfield County, Oklahoma, hereby make the following appointments as deputy sheriffs for the ensuing term:

"D. H. Perry, Under Sheriff.

"J. W. Kington, Deputy Sheriff.

"Elmer Hutchison, Deputy Sheriff.

"Mason Hart, Deputy Sheriff.

"E. A. Campbell, Jailer.

"R. A. Codner, Jailer.

"Subject to the approval of your Honorable Board of Commissioners."

On the same day there was stamped thereon the following:

"Approved January 3, 1933, E. N. Wells, Chairman Board of County Commissioners Garfield County."

The minutes of the meeting of the board of county commissioners of that date contain the the following record: "The board approves the request of Joe J. Cavin, Sheriff, for the appointment of deputy sheriffs." No record was made as to the salaries of the various deputies and jailers and the amounts of those salaries were not presented to or considered by the board of county commissioners. Thereafter claims of the deputies and jailers for salary were filed with the county clerk for the months of January to July, at the rates of $125 per month for the deputies and $100 per month for the jailers. Those claims were regularly allowed and paid.

On the first Monday of July, 1933, the personnel of the board of county commissioners changed, and thereafter it refused to approve the claims of the deputies and jailers on the former basis, but approved them for $100 per month for deputies and $90 per month for jailers. It refused to approve the estimate made by the sheriff for the needs of his office for the fiscal year 1933-34. It certified to the excise board an estimate of salaries for deputies at $100 per month and for jailers at $90 per month.

It is agreed that section 7852, O. S. 1931, is the applicable statute and that the population of the county is between 43,000 and 52,550. The material portions of that statute are as follows:

"With the approval of the board of county commissioners, the sheriff may appoint the following help in his office, to receive the salaries herein set out, to be paid out of the county general fund as the salaries of other county officers are paid out, to wit: * * * In all counties having a population in excess of 43,000 and not to exceed 52,550, four (4) deputies, one of whom shall be designated the under sheriff, at a salary not to exceed $125 per month each, and two (2) jailors at a salary not to exceed $100 per month each. * * *"

The plaintiffs present four contentions. They say:

"That the Legislature intended that the sheriff should fix the salaries of his deputies and jailers within the maximum amount set forth in the statute, and that the appointment and salaries of January 3, 1933, were approved for the term of the sheriff and that the board of county commissioners remains the same separate and distinct entity regardless of changes in the personnel thereof, and that the board of county commissioners, having approved the appointments and salaries, cannot thereafter reduce those salaries."

It is admitted that the board of county commissioners is a legal entity not dependent upon who happens to fill the offices. It is a board and not a collection of individuals. It can act only as a board. In many decisions the "county commissioners" are referred to when the board of county commissioners is meant.

The action of the board of county commissioners when it was composed of prior members is binding on the board of county commissioners while composed of the present members, but its actions are no more binding than they would have been had there been no change in the personnel of the members.

We are not considering a question as to the number or the personnel of the deputies or jailers. They have been appointed; their appointments have been approved, and no attempt has been made to interfere with those appointments. We are considering that part of the statute which provides that the deputies and jailers appointed by the sheriff, with the approval of the board of county commissioners, shall receive the salaries therein set out, to wit, deputies, "not to exceed $125 per month each," and jailers "not to exceed $100 per month each." Since the Legislature did not fix the amounts of salaries, but only the maximum amounts, it must have intended that the amounts should be fixed by some officer or board. The question presented herein is whether they are to be fixed by the sheriff or by the board of county commissioners.

We cannot agree with the contention that the Legislature intended to delegate to the sheriffs of the state the power to fix the salaries of the deputies and jailers appointed by them. That is contrary to the spirit of our system of government, for it would place in the appointive power the power to fix the salaries of those appointed. The legislative policy of the state has been to the contrary. See statutes pertaining to the salaries of assistants to the county attorneys, county clerks, county treasurers, county assessors, and others. On the contrary, the board of county commissioners is the fiscal agent of the county. It has general control over the property and finances of the county. See sections 7449 and 7660, O. S. 1931; Board of Com'rs v. News-Dispatch Ptg, & Audit Co., 122 Okla. 107, 251 P. 606; McElwain v. Abraham (Wash.) 107 P. 832, and Andrews v. Pratt, 44 Cal. 309. In the language of this court, in Walton, Mayor, v. Donnelly et al., 83 Okla. 233, 201 P. 367:

"If there is doubt or ambiguity in a statute, it is the duty of a court in interpreting the same to give it the most reasonable and just interpretation as the legislative intent, rather than an interpretation unreasonable, unjust, or one that will lead to an absurdity."

It is entirely reasonable to presume that the Legislature intended that the salaries should be fixed by the board of county commissioners. We so hold.

It is contended that the salaries of the deputies and jailers were fixed by the board of county commissioners, if not by direct resolution, by the approval of the claims for salaries for the months of January to July. There can be no question but that the actions of the board of county commissioners in the approval of the claims for those months amounted to the fixing of the salaries in the amounts claimed, that is, $125 per month for deputies and $100 per month for jailers. To hold otherwise is to hold that the board of county commissioners paid salaries that had not been fixed. The statute does not require a specific resolution fixing the amounts of salaries. The board of county commissioners can fix them by approving claims therefor as well as in any other manner.

That leaves for determination a third

question, which is whether or not a board of county commissioners, after having fixed the salaries of deputies and jailers, can change the amounts thereof during the term for which the deputies and jailers were appointed.

No legislative enactment is cited, and we know of none, which confers the power, in terms, but when we examine the provisions of section 12674, O. S. 1931, as amended by chapter 115 (sec. 11) and chapter 85, Session Laws 1933, we find that the board of county commissioners is required to meet on the first Monday in July of each year, and make, in writing, an itemized statement of its estimated needs for expenses for the current fiscal year, itemized so as to show, by classes, the several amounts necessary for the current expenses of each officer and department. The provisions of that section contemplate the making of an estimate that will be within the amount of the fund that may be raised for the expenses for the current fiscal year. We think, and hold, that at that time the board of county commissioners may fix the amount of the salaries of deputies and jailers in different amounts from those fixed by it during the preceding fiscal year. The prayer of the plaintiffs that the board of county commissioners be required to make an estimate of needs for the salaries of deputies and jailers for the fiscal year commencing July 1, 1933, in the amount fixed during the prior fiscal year, and their prayer that the excise board be required to make appropriations for those purposes in those amounts was properly denied.

The judgment of the trial court is affirmed.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. RILEY, C. J., and WELCH, J., absent.