Dear Representatives Mass
¶ 0 This office has received your request for an Attorney General Opinion addressing, in effect, the following questions:
1. Must county highway funds distributed pursuant to 69 O.S.1991, § 1503[69-1503], to the county commissioners of a particularcounty for the construction and maintenance of county roads beshared equally by all commissioners, acting as a board for theentire county and its roads and bridges?
 2. Upon what basis are the funds sent by the State to a countyto be divided among the three commissioner districts of acounty?
 3. Does machinery and equipment purchased with highway fundspursuant to 69 O.S. 1991, § 636.1[69-636.1], belong to the entirecounty or does it belong to individual commissioner districts?
 INTRODUCTION
¶ 1 To understand the language relating to State funds sent to the counties, it is appropriate to first examine the source of the funds and the limitations placed upon the monies by the State. Monies are directed to be distributed to each county through the county highway fund based upon numerous statutory provisions. Funds for the various county highway funds come from gross production taxes upon oil and natural gas, taxes on gasoline, diesel and special fuels, and motor vehicle fees and taxes.[1]
 LIMITATIONS UPON THE GENERAL POWERS AND DUTIES OF A BOARD OF COUNTY COMMISSIONERS
¶ 2 Secondly, you ask about the basis upon which funds sent by the State to each county are to be divided. The general powers of each county are listed in 19 O.S. 1991, § 1[19-1], and include the power to purchase and hold real and personal property for the use of the county, as well as the power to make contracts for the county. Title 19 O.S. 1991, § 3[19-3] sets out the next foundational statute upon which the analysis of your inquiry must continue. That section states that "[t]he powers of a county as a body politic and corporate shall be exercised by its board of county commissioners." Note that there is no mention of individual commissioners being authorized to exercise power for or on behalf of the county.
¶ 3 The courts have previously had occasion to interpret the powers of the board of county commissioners. The board of county commissioners can only act so as to bind a county while they are sitting in session as a board; individual action by a board member is not binding on a county. Austin Western Road MachineryCompany v. Board of Commissioners of Hughes County,62 P.2d 1171, 1172 (Okla. 1936).
¶ 4 There does not appear to be any statutory authority to divide the funds for the purpose of construction and maintenance of county highways equally by all commissioners. Thus, the commissioners may only act on behalf of the entire county, not their individual districts.
¶ 5 Oklahoma statutes make it unlawful for individual county commissioners, or commissioners not acting as a board, to do business relating to only their district, versus working for the best of the entire county. The pertinent statute, states in relevant part as follows:
 It is hereby declared to be contrary to law, and against public policy, for any individual county commissioner, or commissioners, when not acting as a board, to enter into any contract, or to attempt to enter into any contract, as to any of the following matters:
 (a) Any purchase of equipment, machinery, supplies or materials of any kind for any county or any commissioner's district, or districts, thereof;
 (b) Any contract or agreement relating to or for the leasing or rental of any equipment, machinery, supplies or materials for any county or any commissioner's district, or districts, thereof;
 (c) To do or transact any business relating to such county, or any commissioner's district, or districts thereof, or to make any contract or agreement of any kind relating to the business of such county, or any commissioner's district, or districts thereof[.]
19 O.S. 1991, § 3[19-3]. Thus, county commissioners serve the entire county, not just the residents from whose district they are elected.
¶ 6 The board of county commissioners in each county is required to construct and maintain as county highways those roads which best serve the most people of the county:
 It shall be the duty of the board of county commissioners in each county to construct and maintain as county highways those roads which best serve the most people of the county. For this purpose the board of county commissioners is authorized to use any funds which are in the county highway fund, subject to statutory restrictions on the use of any of such funds, together with any money derived from any agreement entered into between the commission and the federal government, any county or any citizen or group of citizens who have made donations for that purpose.
69 O.S. 1991, § 601[69-601](A) (emphasis added).
¶ 7 The statutory language demonstrates the Legislature intended that the board of county commissioners utilize the test of what will best serve the most people in decisions regarding all county highways. The duty of the board of county commissioners was interpreted in Attorney General Opinion 79-165, which stated that "a board of county commissioners has the mandatory duty to construct and maintain roads designated as primary county highways, and a discretionary duty to maintain all other roads which best serve the most people of the county."
¶ 8 The powers of the board of county commissioners regarding county highway funds is very explicit. Funds sent to the county for the purpose of highway construction and maintenance must be used by the board of county commissioners to best serve the most people of the county. The determination of which roads serve the most people of the county is a question of fact for which this office cannot provide an official opinion. 74 O.S.Supp. 1995, §18b[74-18b](A)(5).
 TITLE TO MACHINERY AND EQUIPMENT
¶ 9 Your third question deals with who holds title to equipment purchased with county highway funds pursuant to 69 O.S. 1991, §636.1[69-636.1]. Would title reside in the county or an individual county commissioner's district? It is well established in Oklahoma that the board of county commissioners "has general control over the property and finances of the county." Cavin v. Board of CountyCommissioners, 33 P.2d 477, 479 (1934).
¶ 10 Personal property which is conveyed to any county is "deemed the property of such county." 19 O.S. 1991, § 2[19-2]. Thus, a plain reading of this general statute indicates that equipment and machinery purchased by the board of county commissioners belongs to the county, with control over the equipment and machinery to be exercised by the board of county commissioners, not individual commissioners by district.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. There is no legal requirement for county highway fundsdistributed pursuant to 69 O.S. 1991, § 1503[69-1503], to the board ofcounty commissioners of a particular county to be arbitrarilydivided equally into thirds for each county commissioner toutilize for the district from which they were elected.
 2. The board of county commissioners has the duty "toconstruct and maintain as county highways those roads which bestserve the most people of the county." 69 O.S. 1991, §601(A).
 3. How a board of county commissioners exercises the power todetermine which roads "best serve the most people of the county"is a question of fact for which this office cannot provide anofficial opinion. 74 O.S.Supp. 1995, § 18b(A).
 4. Equipment and machinery purchased by a county pursuant tothe provisions of 69 O.S. 1991 and Supp. 1995, §§ 636.1 to636.7 is are the property of the county; i.e., it belongsto the board of county commissioners, not to individual countycommissioner districts. 19 O.S. 1991, § 2[19-2].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GLEN D. HAMMONDS ASSISTANT ATTORNEY GENERAL
[1] GASOLINE TAXES — One half of the taxes on gasoline collected under 68 O.S.Supp. 1995, § 502.4[68-502.4](C) are apportioned to the county highway funds. One cent of the six cent per gallon tax on gasoline collected under 68 O.S. 1991, § 502.6[68-502.6], is apportioned to the county highway funds. Twenty-two percent (22%) of the tax collected under 68 O.S.Supp. 1995, § 504[68-504] is apportioned to the county highway funds. These funds are to be used for the purpose of "constructing and maintaining county or township highways and permanent bridges in such counties."
DIESEL AND SPECIAL FUELS TAXES — One half of the taxes upon diesel fuel sales collected pursuant to 68 O.S. 1991, §502.5[68-502.5](C) is apportioned to the county highway funds. The tax revenue collected from diesel fuel sales under 68 O.S. 1991, §504.1[68-504.1] is apportioned to the county highway funds, as is twenty-four and one-fourth percent (241/4%) of the tax imposed under 68 O.S. 1991, §§ 502.1[68-502.1] and 504.1. Each of these monies is to be deposited into the county highway funds for the purpose of "constructing and maintaining county or township highways and permanent bridges in such counties."
MOTOR VEHICLE FUNDS — All fees, taxes and penalties collected or received from the Oklahoma Vehicle License and Registration Act, and the unapportioned monies from the Motor Vehicle Escrow Account are distributed pursuant to 47 O.S. 1991, § 1104[47-1104]. These funds are apportioned to the school districts, to the State Treasurer for the General Revenue Fund and State Transportation Fund, and to the various counties according to a formula set out in that statute.
Seven percent (7%) of said monies are apportioned to the counties based upon (1) the "proportion which the county road mileage of each county bears to the entire state road mileage," and (2) the proportion "the population and area of each county bears to the total population and area of the state." These funds shall be used for "the purpose of constructing and maintaining county highways." 47 O.S.Supp. 1995, § 1104[47-1104](A)(4).
Additionally, two and one-half percent (2.5%) of the monies are sent to the counties "for the primary purpose of matching federal funds for the construction of federal aid projects on county roads, or constructing and maintaining county or township highways and permanent bridges of such counties." 47 O.S.Supp.1995, § 1104[47-1104](A)(5).