Dear Administrator Jackson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Is the District Attorneys Council ("Council") required to comply with 74 O.S. Supp. 2004, § 840-4.17[74-840-4.17](A), which requires state agencies to complete employee service ratings for each regular classified, unclassified and exempt employee, with certain exceptions, in the executive branch of government?
¶ 1 Title 74, Section 840-4.17(A) requires the Office of Personnel Management ("OPM") to adopt a standard system for employee service ratings for all employees in the executive branch of government, with limited exceptions, as follows:
 The Office of Personnel Management shall make available one standard performance management system that shall be used by all agencies for completing employee service ratings. The purpose of this employee performance management system is to evaluate the performance of each regular classified, unclassified and exempt employee in the executive branch of state government except those in the exempt unclassified service as specified in paragraphs 1 and 2 of subsection A of Section 840-5.5 of this title and those employees employed by the institutions under the administrative authority of The Oklahoma State System of Higher Education.
Id.
¶ 2 The OPM has promulgated a rule under the Oklahoma Administrative Procedures Act that implements a standard performance management system which includes the requirement for yearly employee evaluations. OAC 530:10-17-31(a)-(c) (2004). Section 840-4.17(A) requires all state agencies to follow OPM's performance system for all employees, except those individuals specified in Section 840-5.5(A)(1) and (2), which include:
 1. Persons chosen by popular vote or appointment to fill an elective office, and their employees, except the employees of the Corporation Commission, the State Department of Education and the Department of Labor;
 2. Members of boards and commissions, and heads of agencies; also one principal assistant or deputy and one executive secretary for each state agency[.]
Id.
¶ 3 Subsection (1) of Section 840-5.5(A) exempts elected officials and their employees, except employees of certain agencies, while subsection (2) exempts board and commission members, "heads of agencies" and "one principal assistant or deputy and one executive secretary" of each agency. The exception in subsection (2) applies to the specified positions in all agencies and therefore would apply to applicable employees of the Council; that is, the agency head, one principal assistant or deputy and one executive secretary. Id. § 840-5.5(A)(2). All other Council employees would be exempt only if they are employees of "[p]ersons chosen by popular vote or appointment to fill an elective office" as provided in Section 840-5.5(A)(1). To determine whether the Council is exempt from the obligation to perform employee service evaluations on all of its employees under the exemption for employees of elected officials it is necessary to examine the statutes governing the Council.
¶ 4 The Council is created by statute, as follows, in pertinent part:
 A. There is hereby created a special division of the office of Attorney General to be known as the District Attorneys Council which shall be organized and administered as herein provided. Any reference in the Oklahoma Statues to the District Attorneys Training Coordination Council shall mean the District Attorneys Council.
 B. The chief executive officer of the office of the Council is the Executive Coordinator who shall be appointed and supervised by the Council. . . . The Executive Coordinator may appoint an Assistant Coordinator, both of whom shall be in the unclassified service of the state. . . .
 C. 1. The Council shall be composed of the following members:
 a. the Attorney General, or his designated representative;
 b. the President of the Oklahoma District Attorneys Association;
 c. the President-elect of the Oklahoma District Attorneys Association;
 d. one district attorney selected by the Court of Criminal Appeals for a three-year term; and
 e. one district attorney selected by the Board of Governors of the Oklahoma Bar Association for a three-year term.
 2. A member of the Council shall vacate his appointment upon termination of his official position as Attorney General or district attorney. . . .
 D. . . . Membership on the Council shall not constitute holding a public office. The Council shall not have the right to exercise any portion of the sovereign power of the state. A member of the Council shall not be disqualified from holding any public office or employment by reason of his appointment or membership on the Council, nor shall he forfeit the office or employment, by reason of his appointment hereunder.
19 O.S. 2001, § 215.28[19-215.28] (emphasis added).
¶ 5 The duties of the Council include providing "a professional organization for the education, training and coordination of technical efforts of all state prosecutors and to maintain and improve prosecutor efficiency and effectiveness in enforcing the laws of this state." Id. § 215.28(H). The Council is also "hereby designated as the state agency for the administration and disbursement of all salaries and expenses of the offices of district attorneys authorized by law." 19 O.S. Supp. 2004, §215.30[19-215.30](D) (emphasis added). The payroll clerks within district attorneys' offices "work under the supervision of the District Attorneys Council which shall fix compensation for these positions." 19 O.S. 2001, § 215.23[19-215.23]. The Council also administers the District Attorneys Evidence Fund (Id. § 215.40) and the Crime Victims Compensation Revolving Fund (21 O.S. Supp. 2004, §142.17[21-142.17]).
¶ 6 In addition to appointing the Executive Coordinator, as provided in 19 O.S. 2001, § 215.28[19-215.28](B), the Council also has the power to "employ personnel as the Council in its judgment finds necessary to effectively carry out the provisions of this act."Id. § 215.28(H)(3). The appropriation bill that sets forth the budgetary amounts for the Council states, "[t]he duties and compensation of employees, not otherwise prescribed by law, necessary to perform the duties imposed upon the district attorneys and District Attorneys Council by law shall be set by the District Attorneys Council except as otherwise provided in Chapter 7A of Title 19[1] of the Oklahoma Statutes." 2004 Okla. Sess. Laws ch. 495, § 2 (footnote added).
¶ 7 Although the Council is described in legislation as a special division of the Attorney General's Office (see 19 O.S.Supp. 2004, § 215.30[19-215.30]
(D) and 19 O.S. 2001, § 215.28[19-215.28](A)), and the Attorney General or his designee is a member of the Council, it is clear from Section 215.30 and other statutory provisions that the Council is a separate state agency and that employees of the Council are not employees of the Attorney General, but rather are employees of the Council. 19 O.S. Supp. 2004, § 215.30[19-215.30](D) (the Council is "hereby designated as the state agency for the administration"); see 2004 Okla. Sess. Laws ch. 495, § 2; 19O.S. 2001, § 215.28[19-215.28](H)(3). The State Travel Reimbursement Act includes the District Attorneys Council as a separate agency from the Attorney General's Office for purposes of listing agencies that are exempt from certain provisions of the Act. 74 O.S.Supp. 2004, § 500.18[74-500.18](B)(19), (20). "In the interpretation of statutes, courts do not limit their consideration to a single word or phrase in isolation to attempt to determine their meaning, but construe together the provisions of relevant legislative enactments to ascertain and give effect to the legislature's intention. . . ." McNeill v. City of Tulsa,953 P.2d 329, 332 (Okla. 1998).
¶ 8 As previously noted, the membership of the Council consists of the Attorney General and four District Attorneys. 19 O.S.2001, § 215.28[19-215.28](C). In the context of Section 840-4.17(A) of Title 74, which concerns obligations of state agencies to conduct employee evaluations, and Section 840-5.5(A)(1), which exempts employees of persons holding "elective office," "elective office" refers to State elective office. Section 215.28(D) states, "Membership on the Council shall not constitute holding a public office." The employees of the Council are not the employees of the individual elected officials who comprise the Council, but rather are employees of the Council. See Cavin v. Bd. of CountyComm'rs, 33 P.2d 477, 479 (Okla. 1934) ("the board of county commissioners is a legal entity not dependent upon who happens to fill the offices[;] [i]t is a board and not a collection of individuals"). Therefore, the Council is required to comply with the employee service rating system for its employees pursuant to 74 O.S. Supp. 2004, § 840-4.17[74-840-4.17](A), with the exception of those employees holding the positions identified in Section 840-5.5(A)(2).
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The District Attorneys Council is a State agency that is required to comply with 74 O.S. Supp. 2004, § 840-4.17[74-840-4.17](A) and prepare employee service ratings for all employees, except those who are specifically exempt, which includes the Executive Coordinator, the Assistant Executive Coordinator and one executive secretary. Id. § 840-5.5(A)(2).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 KATHRYN BASS Assistant Attorney General
[1] Chapter 7A of Title 19 includes Sections 215.1-215.40, which govern district attorneys and include the provisions applicable to the District Attorneys Council.