OSCN Found Document:Question Submitted by: The Honorable Ron Justice, State Senator, District 23

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 Question Submitted by: The Honorable Ron Justice, State Senator, District 23
2014 OK AG 15
Decided: 10/31/2014
Oklahoma Attorney General Opinions
Cite as: 2014 OK AG 15, __ __

 
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
In 1996 Canadian County voters approved a county sales tax for the purpose of financing, construction and equipping of a juvenile delinquents detention facility, and juvenile justice facilities, including design, construction, expenses, operations, equipment, and furnishings.
1. What type of activity constitutes the operations of a juvenile delinquents detention facility and a juvenile justice facility? 
2. What limitations exist, if any, on the type of programs that can be funded by this sales tax? May the proceeds be used to finance the operation of juvenile rehabilitation and education programs such as truancy enforcement, an alternative school for Canadian County students who have been suspended from their home school, drug screening for children, substance abuse treatment, drug court for families with children in the custody of the Department of Human Services and the supervision of visitation and child exchange between divorced parents?
3. May the proceeds of the sales tax be used to pay salaries and expenses related to the operation of a juvenile bureau created pursuant to 10A O.S.2011 & Supp.2014, §§ 2-4-101 through 2-4-110?
4. What are the responsibilities of the trustees of the public trust that owns the facilities, the members of the county excise board and the board of county commissioners with regard to how the proceeds from this sales tax are expended?
I.
No Tax Levied and Collected For One Purpose Shall Ever be Devoted to Another Purpose.
¶1 The resolution for the particular sales tax about which you inquire reads as follows:


A RESOLUTION PROVIDING FOR FUNDS FOR CANADIAN COUNTY, OKLAHOMA; AUTHORIZING THE CALLING OF A SALES TAX ELECTION LEVYING A .35 OF ONE CENT SALES TAX ON THE GROSS RECEIPTS OR PROCEEDS ON CERTAIN SALES FOR AN UNLIMITED PERIOD, SUCH TAX TO BE USED FOR CONSTRUCTION, FINANCING AND EQUIPPING OF A JUVENILE DELINQUENTS DETENTION FACILITY AND JUVENILE JUSTICE FACILITIES IN CANADIAN COUNTY, INCLUDING DESIGN, CONSTRUCTION, EXPENSES, OPERATIONS, EQUIPMENT AND FURNISHINGS; FIXING AN EFFECTIVE DATE, MAKING PROVISIONS SEPARABLE; AND DECLARING AN EMERGENCY.


Canadian Cnty. Comm'rs Res. No. 96-20.[1] 
¶2 Section 4 of the resolution, which was adopted by the Commissioners of Canadian County, further specified the purpose of the resolution as follows:


It is hereby declared to be the purpose of this Sales Tax Resolution to provide for a county sales tax of .35 of one cent. Such revenues shall be utilized for design, construction, financing, operations, equipment and furnishing of the Facilities to be located in Canadian County.


Canadian Cnty. Comm'rs Res. No. 96-20, § 4, p.2, on file with the Attorney General's Office.
¶3 The term "facilities" is defined in the commissioners' resolution to include the "Juvenile Delinquents Detention Facility and Juvenile Justice Facilities." See id. at p.1, first recital.[2] Section 5 of the commissioners' resolution also places the following restrictions on the use of the project described in Section 4.


The abovedescribed [sic] Project to be financed with such Sales Tax is subject to certain restrictions, as follows:
(1) The Project is to be implemented for the development of the Facilities approved by the County Commissioners;
(2) The Facilities are to be owned by the Canadian County Public Facilities Authority, subject to the direction of the Canadian County Commissioners to the Trustees of the Canadian County Public Facilities Authority.


Canadian Cnty. Comm'rs Res. No. 96-20, § 5, p.2. The resolution does not specify whether the proceeds from the sales tax are to be deposited in the county's general revenue fund or a dedicated sales tax revolving fund. We understand from information provided by Canadian County that the sales tax proceeds are deposited into a revolving fund and intermingled with other revenue generated from contracts with schools and state agencies.
¶4 The principal restrictions on a county's use of sales tax funds are imposed by the Oklahoma Constitution at Article X, Section 19.


Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose.


Id. (emphasis added). The Oklahoma Supreme Court has held Section 19 contains two distinct commands. The first is that every resolution levying a tax must specify distinctly the tax's purpose and the second is that the funds from a tax once collected for a distinct purpose shall not be used for any other purpose. State ex rel. Bd. of County Comm'rs v. Okla. Tax Comm'n, 1942 OK 266, ¶ 8, 127 P.2d 1052, 1054; see also Black v. Okla. Funding Bond Comm'n, 1943 OK 270 ¶ 6, 140 P.2d 740, 743 (holding that the purpose of Article X, Section 19, is to prohibit the improper use of a tax levy after it has been pledged for a certain purpose).[3] 
¶5 In addition to Article X, Section 19, the Legislature has provided a statutory grant of authority to counties to levy sales taxes.


Any county of this state may levy a sales tax of not to exceed two percent (2%) upon the gross proceeds or gross receipts derived from all sales or services in the county upon which a consumer's sales tax is levied by this state. Before a sales tax may be levied by the county, the imposition of the tax shall first be approved by a majority of the registered voters of the county voting thereon at a special election called by the board of county commissioners or by initiative petition signed by not less than five percent (5%) of the registered voters of the county who were registered at the time of the last general election.


68 O.S.2011, § 1370(A). Subsection E of Section 1370 also echoes the two primary commands of the constitutional provision and gives counties two options for the deposit of the proceeds.


The county shall identify the purpose of the sales tax when it is presented to the voters pursuant to the provisions of subsection A of this section. . . . [T]he proceeds of any sales tax levied by a county shall be deposited in the general revenue or sales tax revolving fund of the county and shall be used only for the purpose for which such sales tax was designated.


Id. Your first three questions require an analysis of the stated purpose of the sales tax approved by the voters and set forth in Canadian County Commissioners' Resolution 96-20. The purpose of the Canadian County sales tax at issue is stated in both the resolution itself and the commissioners' statement of purpose which are quoted above. Because it was the voters of Canadian County who approved the sales tax, it is the voters' intent that we must attempt to discern when determining the purpose of the tax. Oklahoma law requires that ballot title measures must explain the purpose in basic words, which can be easily found in dictionaries of general usage and shall not contain any words that have a special meaning for a particular profession not commonly known to the citizens of Oklahoma. 19 O.S.2011, § 388(B); 34 O.S.2011, § 9(B). Therefore, when analyzing the meaning of the language in a ballot measure we look to the ordinary meaning of the words used.


1. The meaning of the term "operations" in the context of a juvenile delinquents detention facility and juvenile justice facility 


¶6 The first question in your request focuses specifically on the meaning of the term "operations" as used in the ballot measure and resolution, and asks for an interpretation of that term in the context of a juvenile delinquents detention facility and a juvenile justice facility. The ordinary meaning of the words "juvenile delinquents detention facility" is a physical building used for confining non-adult young persons characterized by antisocial behavior in violation of the law and subject to legal action.[4] While the dictionary contains several definitions of the word "facility" it is clear from the resolution's inclusion of the words "design" and "construction" that the definition describing a physical building is the appropriate one. This meaning is consistent with the statutory definition of a juvenile detention facility found in the Oklahoma Juvenile Code. "'Juvenile detention facility' means a facility which is secured by locked rooms, buildings and fences, and meets the certification standards of the Office [of Juvenile Affairs] and which is entirely separate from any prison, jail, adult lockup, or other adult facility, for the temporary care of children." 10A O.S.Supp.2014, § 2-1-103(21). 
¶7 The ordinary meaning of the term "juvenile justice facility" is a physical building used for the administration and determination of the rights of non-adult young persons characterized by antisocial behavior in violation of the law and subject to legal action according to juvenile delinquency laws.[5] Under this meaning a juvenile justice facility could include a juvenile delinquency court building.
¶8 The ordinary meaning of the word "operation" in the context of a physical building means those activities which give the building itself the quality or state of being put to work, becoming active and functional, being ready for action for the purpose for which it was constructed.[6] Therefore, the operation of a physical facility includes the activities that make the facility or building itself functional for its purpose but would not include the activities that make the people who use and occupy the facility functional for their purpose. The people who use and occupy the facility are not the facility. 
¶9 As a general matter, in order for any physical facility or building to be active and functional, it would need at a minimum to satisfy the applicable construction codes and any other requirements, which are a prerequisite to occupancy and use. It would also need to provide the appropriate physical spaces, accessibility accommodations, elevators, safety features, climate system, plumbing system, electrical system, communication system and any other system particular to the purpose of the building. It would also include the necessary staff to provide those operational activities that support the function of the physical building. For example, the activities of a janitor who makes sure the building is sanitary supports the function of the physical facility itself but the activities of a guard who escorts a juvenile detainee from a living room to the cafeteria is supporting the function of those who occupy the facility. A person who makes sure the facility's kitchen is in working order serves the physical building itself, but a cook who prepares food for the juveniles serves the people who use and occupy the building.
¶10 Therefore, to answer your first question, the type of activities that constitute the operations of a juvenile delinquents detention facility and a juvenile justice facility are the operational activities that make the physical building functional for its purpose but not those activities that make the people who use and occupy the building functional for their purpose. This analysis applies to both types of facilities.


2. The funding of programs with the sales tax proceeds 


¶11 Your second question inquires about limitations on the types of programs that may be funded with the sales tax proceeds. As noted above, neither the ballot measure, the resolution title nor the statement of purpose mentions the word "programs." The sales tax is to be used for the purpose of the financing, construction, equipping, design, expenses, furnishing and operation of two types of physical facilities. Under Oklahoma law, funds from a tax once collected for a distinct purpose shall not be used for any other purpose. Okla. Const. art. X, § 19. Therefore, the proceeds may not be used to finance programs such as juvenile rehabilitation and education programs, truancy enforcement, an alternative school for Canadian County students who have been suspended from their home school, drug screening for children, substance abuse treatment, drug court for families with children in the custody of the Department of Human Services[7] and the supervision of visitation and child exchange between divorced parents.


3. The funding of a juvenile bureau with the sales tax proceeds 


¶12 Your third question inquires about using the sales tax proceeds to pay the salaries and expenses related to the operation of a juvenile bureau. Under the Oklahoma Juvenile Code, juvenile bureaus are categorized as one of the agencies and programs comprising the juvenile justice system.


1. "Agencies and programs comprising the juvenile justice system" means: 
a. the courts, the District Attorneys Council and offices of the district attorneys, state and local law enforcement agencies, juvenile bureaus, the Department of Human Services, the Office of Juvenile Affairs, the Oklahoma Commission on Children and Youth, the Department of Corrections, the Oklahoma State Bureau of Investigation, any other state agency responsible for the care, custody or supervision of youth alleged or adjudicated to be delinquent . . . .


10A O.S.2011, § 2-7-902 (emphasis added). Juvenile bureaus are authorized to exist in certain counties having a population of eighty thousand or more on or before January 1, 2005. See 10A O.S.Supp.2014, § 2-4-101. In 2014, Section 2-4-101 was amended to include an extensive list of juvenile justice services and programs a juvenile bureau is authorized to provide to children, youth and families located within its county. See 2014 Okla. Sess. Laws ch. 335, § 1. Those services and programs include a wide variety of activities designed to divert children and youth from the juvenile justice system and to alleviate conditions in the family and home that may lead to juvenile delinquency. See id. The county is responsible for the expenses of a juvenile bureau including the salaries and expenses of the employees. "All expenses incurred in complying with the provisions of this article [on juvenile bureaus] shall be a county charge or funded by a special sales tax dedicated to juvenile programs and expenses[.]" 10A O.S.Supp.2013, § 2-4-107(D)(1) (emphasis added). The bolded language regarding a special sales tax dedicated to programs and expenses was added during the 2013 legislative session. 2013 Okla. Sess. Laws ch. 404, § 17(D)(1). However, it is not applicable to your questions even if it had been law in 1996, because, as discussed above, the sales tax about which you inquire is not dedicated to funding juvenile programs and expenses. 
¶13 Therefore, as a general matter, the proceeds from the Canadian County sales tax dedicated for the financing, construction, equipping, design, expenses, furnishing and operation of juvenile delinquents detention and justice facilities may not be used to pay the salaries and expenses related to the operation of a juvenile bureau, or its services or programs as a juvenile bureau is an agency of the county and not a facility.


4. The responsibilities of the Canadian County Public Facilities Authority, the Canadian County Excise Board and the Canadian County Board of County Commissioners 


¶14 Your fourth and final question asks about the responsibilities of the trustees of the Canadian County Public Facilities Authority, the members of the county excise board and the board of county commissioners with regard to the expenditure of the sales tax proceeds. The Canadian County Public Facilities Authority ("CCPFA") is a public trust created for the benefit of Canadian County pursuant to 60 O.S.2011, §§ 176 - 180.4. The CCPFA was created in 1984 to hold and manage such property on behalf of Canadian County as is conveyed or assigned to it.[8] The three Trustees of the CCPFA are the incumbent members of the Board of Canadian County Commissioners, with their successors in office, and their general duties pursuant to the Declaration of Trust are to carry out the purpose of the trust.[9] With regard to the juvenile delinquents detention facility and juvenile justice facilities, those facilities are to be owned by the CCPFA subject to the direction of the Canadian County Commissioners to the Trustees who are the same individuals.[10] Therefore, the responsibility of the CCPFA Trustees with regard to the facilities and sales tax proceeds about which you inquire is to follow the direction of the Canadian County Board of Commissioners. 
¶15 You also inquire about the duties of the county excise board. You have noted in your request letter that Canadian County has not elected to come under the Budget Board Act. The county excise board is comprised of three members appointed one each by the Oklahoma Tax Commission, the Canadian County Board of County Commissioners and the district judge. 68 O.S.2011, §§ 2861(B), 3005.1(A). The powers and duties of a county excise board in a non-budget board county are set forth at 68 O.S.Supp.2013, § 3006 and 68 O.S.2011, § 3007.


In its functionings it is hereby declared an agency of the state, as a part of the system of checks and balances required by the Constitution, and as such it is empowered to require adequate and accurate reporting of finances and expenditures for all budget and supplemental purposes, charged with the duty of requiring adequate provision for performance of mandatory constitutional and statutory governmental functions within the means available, but it shall have no authority thereafter to deny any appropriation for a lawful purpose if within the income and revenue provided.


Id. § 3006(B). Subsection (2) of Section 3007 provides the following with regard to the excise board's budgetary duties:


Examine specifically the several items and amounts stated in the estimate of needs, and if any be contained therein not authorized by law or that may be contrary to law, or in excess of needs, as determined by the excise board, said item shall be ordered stricken and disregarded. If the amount as to any lawful item exceeds the amount authorized by law, it shall be ordered reduced to that extent; otherwise, the excise board joins in responsibility therefor.


Id. (emphasis added). Accordingly, the excise board's responsibilities, in its role as an agency of the state and as a part of the system of checks and balances required by the Constitution, include striking items from the county budget estimate that are not authorized by law or which are contrary to law. In addition, as a general matter, the final approval of the appropriation of funding for county offices is the responsibility of the county excise board. 19 O.S.Supp.2013, § 180.65(D). 
¶16 You have inquired specifically about the excise board's responsibilities in the context of the sales tax proceeds for the juvenile facilities in Canadian County. In that regard, it is the voters of Canadian County who have already voted to appropriate those proceeds for a specific purpose. Pursuant to Article X, Section 19, of the Oklahoma Constitution and 68 O.S.2011, § 1370, those proceeds can only be used for the purpose specified in the ballot measure and resolution and as such the county excise board has no discretion to appropriate those funds for any other purpose. Therefore, the county excise board's responsibility with regard to the sales tax proceeds for the design, construction, equipment, furnishing, expenses and operation of a juvenile delinquents detention center and juvenile justice facilities is to ensure that those proceeds are appropriated for only those budget items that are within the distinct purpose of the ballot measure and resolution.
¶17 You also inquire about the responsibilities of the Canadian County Board of County Commissioners. A board of county commissioners has the express power to audit the accounts of all officers responsible for the collection and disbursement of county money. 19 O.S.Supp.2013, § 339(A)(2). County commissioners shall superintend the fiscal concerns of the county and keep an account of the receipts and expenditures of the county. 19 O.S.2011, § 345. "[T]he board of county commissioners is the fiscal agent of the county. It has general control over the property and finances of the county." Cavin v. Bd. of County Comm'rs, 1934 OK 245 ¶ 11, 33 P.2d 477, 479. As the fiscal agent responsible for superintending the funds of Canadian County, the board of county commissioners is responsible for ensuring that the sales tax proceeds are accounted for and spent in a manner consistent with the law. 
¶18 Section 1370(E) of Title 68 gives counties two options for the deposit of the sales tax proceeds. They shall be deposited in either the general revenue fund or in a separate revolving fund specifically dedicated to sales tax. Id. "[C]ounties, . . . have no inherent power or authority, but possess, and can exercise, only those powers granted in express words or necessarily or fairly implied or incidental to the powers expressly granted." Shipp v Se. Okla. Indus. Auth., 1972 OK 98 ¶ 15, 498 P.2d 1395, 1398. Therefore, there is no authority for Canadian County to deposit the sales tax proceeds into a revolving fund not specifically dedicated to sales tax where the proceeds are intermingled with other revenues. Accordingly, to ensure that the sales tax funds are not intermingled with other county revenues and spent only for the authorized purpose, the board of county commissioners could direct that the proceeds from the juvenile facilities sales tax be deposited in a separate revolving fund. As the fiscal agent responsible for superintending the funds of Canadian County, the board of county commissioners is responsible to ensure that the sales tax proceeds are not intermingled and are used exclusively for the purpose expressed in the ballot measure and resolution.


¶19 It is, therefore, the official Opinion of the Attorney General that:
1. The proceeds of the Canadian County sales tax shall only be used for the distinct and specific purpose of the financing, construction and equipping of a juvenile delinquents detention facility, and juvenile justice facilities, including design, construction, expenses, operations, equipment, and furnishings approved by the voters and set forth in the resolution. Okla. Const. art. X, § 19; 68 O.S.2011, § 1370. 


A. Under Oklahoma law the language of ballot title measures must contain basic words without special meaning, and when analyzing the meaning of the language in a ballot measure we look to the ordinary meaning as found in dictionaries of general usage. 19 O.S.2011, § 388(B)(2); 34 O.S.2011, § 9(B)(2). 
B. The ordinary meaning of the words "juvenile delinquents detention facility" is a physical building, including the necessary equipment and furnishings, used for confining non-adult young persons characterized by antisocial behavior in violation of the law and subject to legal action.
C. The ordinary meaning of the words "juvenile justice facility" is a physical building, including the necessary equipment and furnishings, used for the administration and determination of the rights of non-adult young persons characterized by antisocial behavior in violation of the law and subject to legal action according to juvenile delinquency laws. The county juvenile justice facility would include a juvenile delinquency courthouse.
D. The ordinary meaning of the word "operation" in the context of a physical building means those activities which give the building itself the quality or state of being put to work, becoming active and functional, being ready for action for the purpose for which it was constructed.
E. The type of activities that constitute the operations of a juvenile delinquents detention facility and juvenile justice facility are those activities that make the physical facility itself functional for its purpose but would not include the activities that make the people who use and occupy the facility functional for their purpose.




2. The sales tax resolution does not authorize the funding of programs. The sales tax proceeds may not be used to finance the operation of juvenile rehabilitation and education programs such as truancy enforcement, an alternative school for Canadian County students who have been suspended from their home school, drug screening for children, substance abuse treatment, drug court for families with children in the custody of the Department of Human Services and the supervision of visitation and child exchange between divorced parents. Okla. Const. art. X, § 19; 68 O.S.2011, § 1370.
3. As a general matter the proceeds from the Canadian County sales tax dedicated for the financing, construction, equipping, design, expenses, furnishing and operation of juvenile delinquents detention and justice facilities may not be used to pay the salaries and expenses related to the operation of a juvenile bureau as a juvenile bureau is an agency of the county and not a facility. 10A O.S.2011, § 2-7-902(A)(1). 
4. The responsibilities of the trustees of the Canadian County Public Facilities Authority ("CCPFA"), which owns the facilities, the members of the county excise board, and the board of county commissioners with regard to how the proceeds from the sales tax are as follows:


A. Pursuant to the terms of the resolution, the juvenile delinquents detention facility and juvenile justice facilities are to be owned by the CCPFA, and the Trustees must act subject to the direction of the board of county commissioners who are the same individuals. Therefore, the responsibility of the CCPFA Trustees, with regard to the facilities and sales tax proceeds about which you inquire, are to follow the direction of the board of county commissioners. 
B. The county excise board's responsibility, with regard to the sales tax proceeds for the financing, construction, equipping, design, expenses, furnishing and operation of a juvenile delinquents detention center and juvenile justice facilities, is to ensure that those proceeds are appropriated for only those budget items that are within the distinct purpose of the ballot measure and resolution. Okla. Const. art. X, § 19; 68 O.S.2011, § 3007. 
C. As the fiscal agent responsible for superintending the funds of Canadian County, the board of county commissioners is responsible to ensure that the sales tax proceeds are not intermingled and are used exclusively for the purpose expressed in the ballot measure and resolution. The board can direct that the funds be deposited in a dedicated revolving fund and not intermingled with other revenues. Okla. Const. art. X, § 19; 68 O.S.2011, § 1370; 19 O.S.Supp.2013, § 339; 19 O.S.2011, § 345; Cavin v. Bd. of County Comm'rs, 1934 OK 245 ¶ 11, 33 P.2d 477, 479.


E. SCOTT PRUITT
Attorney General of Oklahoma
RICHARD D. OLDERBAK
Assistant Attorney General 
FOOTNOTES
[1] A photocopy of the Canadian County Commissioners' Resolution is on file in the Oklahoma Attorney General's office.
[2] Pursuant to 10A O.S.2011, § 2-3-103(C)(2), "[t]he board of county commissioners of every county shall provide for the temporary detention of a child who is or who may be subject to secure detention and may construct a building or rent space for such purpose." Id. 
[3] See also A.G. Opin. 2012-16, at 147, 149. 
[4] The ordinary meaning of "juvenile" is a "young person" or "child," (Websters Third New International Dictionary 1229 (3d ed. 1993)); the meaning of "juvenile delinquent" is a "person adjudged to be a delinquent under an age fixed by law," id.; the meaning of "juvenile delinquency" is a "status in a juvenile characterized by antisocial behavior" in "violation of the law" and "subject to legal action," Id.; the meaning of "detention" is "the state of being confined," id. at 616; and the meaning of "facility" is "something . . . built" or "constructed" to "perform some particular function." Id. at 812-13. 
[5] See footnote 1 for the definition of "juvenile," juvenile delinquent," "juvenile delinquency," and "facility." The ordinary meaning of "justice" is "administration of law: the establishment or determination of rights according to the rules of law or equity. Id. at 1228. 
[6] The meaning of "operate" is to "put to work, be active," the meaning of "operation" is the "quality or state of being functional," and the meaning of "operational" is the state of being "ready for or in condition to undertake a destined function . . . in readiness for action." Websters Third New International Dictionary 1580-81 (3d ed. 1993).
[7] Family drug courts are authorized under the Oklahoma Children's Code and are not, therefore, juvenile delinquency courts. See 10A O.S.2011, § 1-4-712(A). 
[8] See Declaration of Trust, on file with the Attorney General's Office.
[9] See id. 
[10] See Canadian Cnty. Comm'rs Res. 96-20, at § 5.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1934 OK 245, 33 P.2d 477, 168 Okla. 267, CAVIN v. BOARD OF COUNTY COM'RS OF GARFIELD COUNTY
Discussed at Length
 1972 OK 98, 498 P.2d 1395, SHIPP v. SOUTHEASTERN OKLAHOMA INDUSTRIES AUTH.
Discussed
 1943 OK 270, 140 P.2d 740, 193 Okla. 1, BLACK v. OKLAHOMA FUNDING BOND COMM'N
Discussed
 1942 OK 266, 127 P.2d 1052, 191 Okla. 155, STATE ex rel. BOARD OF COM'RS OF HARMON COUNTY v. OKLAHOMA TAX COMM'N
Discussed
Title 19. Counties and County Officers
 Cite
Name
Level

 19 O.S. 339, General Powers of Board
Discussed
 19 O.S. 388, Proposition to be Submitted for Approval by Registered Voters in County - Additional Duties of County Commissioners - Filing - Ballot Title - Review
Discussed
 19 O.S. 180.65, Deputies and Other Help
Cited
 19 O.S. 345, Annual Statement of Assessments, Receipts and Expenditures to be Published
Discussed
Title 34. Initiative and Referendum
 Cite
Name
Level

 34 O.S. 9, Ballot Title - Filing - Review - Appeal
Discussed
Title 60. Property
 Cite
Name
Level

 60 O.S. 176, Trusts for Benefit of State, County or Municipality - Approval - Expenditures - Bylaws - Amendments - Indebtedness - Bonds - Contracts
Cited
Title 68. Revenue and Taxation
 Cite
Name
Level

 68 O.S. 1370, County Sales Tax - Exemptions - Purpose - Duration - County Sales Tax Revolving Fund
Discussed at Length
 68 O.S. 2861, Creation of County Board of Equalization for Each County - Appointment of Members - Tenure of Office - Qualifications - Violations - Penalties
Cited
 68 O.S. 3006, Meetings of County Excise Board - Organization - Powers and Duties
Cited
 68 O.S. 3007, Order of Proceedings of County Excise Board
Discussed